■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CROWN, Appellant.—Harvey, J.

On November 10, 1984, defendant was allegedly involved in an altercation with three minors which resulted in his arrest later that day on charges of criminal possession of a weapon

in the third degree, attempted assault in the first degree, assault in the second degree and menacing. He was arraigned in the local criminal court on the felony and misdemeanor complaints, and was held in Columbia County Jail pending further proceedings. He was later indicted on all four counts by the Grand Jury and he entered a plea of not guilty. On March 25, 1985, defendant filed an omnibus motion seeking, *inter alia,* that the District Attorney's office be disqualified from the case. This request was premised on the fact that the District Attorney had represented defendant in a previous criminal matter in 1981, prior to his election to the office of District Attorney. Defendant's motion, which lacked a return date, was answered on June 24, 1985. The answering affidavit was filed by a special prosecutor who had been appointed to handle the case in order to avoid any potential conflict of interest.

On July 5, 1985, the special prosecutor certified that he was ready for trial. County Court decided defendant's omnibus motion on July 11, 1985, holding, *inter alia,* that the appointment of the special prosecutor rendered the conflict of interest issue moot. Defendant then moved, on August 21, 1985, to dismiss the indictment on the ground that he had been denied a speedy trial. The motion was denied on September 6, 1985. Defendant's trial commenced on October 15, 1985 and, on the following day, he pleaded guilty to attempted assault in the second degree in full satisfaction of the indictment. This appeal ensued.

Initially, we find that by pleading guilty defendant waived the right to preserve for appellate review his assertions that the indictment should be dismissed because of the alleged conflict of interest of the District Attorney *(see, People v Bump,* 103 AD2d 974, 975; *see also, People v Camacho,* 16 NY2d 1064) and the alleged failure to comply with the statutory speedy trial requirements *(see, People v Friscia,* 51 NY2d 845; *see, People v Prescott,* 66 NY2d 216, 220, *cert denied* — US —, 106 S Ct 1804).

Next, we turn to defendant's contention that the prosecution violated his constitutional right to a speedy trial. It is, of course, well established that a guilty plea does not waive the right to raise the constitutional speedy trial issue *(People v Taylor,* 65 NY2d 1, 5; *People v Friscia, supra).* Relevant considerations in determining whether defendant's right to a speedy trial has been denied include: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an

extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" *(People v Taranovich,* 37 NY2d 442, 445). *(See, Barker v Wingo,* 407 US 514.) Although defendant was incarcerated for approximately 11 months from the time of his arrest until the commencement of the trial, some of the delay is attributable to him. For example, defendant made a motion with no return date *(see, People v Wheeler,* 59 AD2d 800) and, because of defendant's allegation of conflict of interest, the prosecution of the case had to be turned over to a special prosecutor. It appears that once the special prosecutor was appointed, he was diligent in preparing for trial. Defendant has failed to show any way in which he has been prejudiced by the delay. Hence, upon consideration of the record and the factors outlined in *Taranovich,* we conclude that defendant was not denied his constitutional right to a speedy trial.

Judgment affirmed. Mahoney, P. J., Main, Weiss, Mikoll and Harvey, JJ., concur.