■ The People of the State of New York, Respondent, v Nicholas S. Paige, Appellant. [736 NYS2d 121] —Peters, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered March 8, 2000, (1) upon a verdict convicting defendant of the crimes of attempted sodomy in the first degree, sexual abuse in the first degree, endangering the welfare of a child (two counts) and unlawfully dealing with a child (two counts), and (2) convicting defendant upon his plea of guilty of the crime of rape in the third degree.

Defendant, a child care worker employed at Glove House in the City of Ithaca, Tompkins County, a residential placement home for youth, was indicted for various crimes arising from

his sexual assault of three female residents who were under his supervision. At trial, testimonial evidence of, *inter alia*, the three victims, along with physical evidence including beer cans and a box which had contained beer found near the location of one of the sexual assaults, was presented to the jury. Over objection, the People also introduced defendant's admissions to police authorities that he had previously brought alcohol to the residence and had used marihuana.

The jury found defendant guilty of attempted sodomy in the first degree, sexual abuse in the first degree, two counts of endangering the welfare of a child and two counts of unlawfully dealing with a child. It acquitted him of one count of rape in the first degree, but was unable to reach a verdict on the two remaining counts of rape in the first degree, one count of sodomy in the first degree and one count of attempted rape in the first degree. Thereafter, defendant pleaded guilty to one count of rape in the third degree to resolve the remaining counts of the indictment. County Court imposed a lengthy prison term.* Upon appeal, defendant alleges ineffective assistance of trial counsel and error in the admission of the physical evidence and his admissions. Finally, defendant challenges the propriety of his sentence as harsh and excessive.

Upon our review of the trial record, notably bereft of the benefit of any additional background information which "might have been developed had an appropriate after-judgment motion been made" (*People v Jones*, 55 NY2d 771, 773; *see*, CPL 440.10), we find defendant's ineffective assistance claim unsupported. Grounded upon, *inter alia*, a failure to move to sever counts of the indictment, the claim lacks merit since defendant failed to demonstrate the absence of a strategic or other legitimate explanation for his attorney's failure to request this relief (*see*, *People v Rivera*, 71 NY2d 705, 709). "[F]ailure to make a pretrial motion, even one that might be successful, does not, per se, constitute ineffective assistance of counsel" (*People v De Pillo*, 168 AD2d 899, 900, *lv denied* 78 NY2d 965). Similarly unavailing is the claim predicated upon counsel's failure to request certain jury charges. Where, as here, the jury instructions are otherwise effective and the lack of instruc-

---

* County Court sentenced defendant to prison terms of 12 years with five years postrelease supervision for the attempted sodomy in the first degree conviction, five years for sexual abuse in the first degree, to run concurrently with the previous term, 1½ to 3 years for rape in the third degree, to be served consecutively with the other sentences, and one year in jail for each count of endangering the welfare of a child (two counts) and unlawfully dealing with a child (two counts), to be served concurrently with the other sentences.

tion did not likely effect the outcome, the ascription of ineffectiveness must fail (*see, People v Hayes*, 191 AD2d 368, 369, *lv denied* 82 NY2d 719). Hence, viewing "the evidence, the law, and the circumstances of [this] particular case * * * in totality and as of the time of the representation" (*People v Baldi*, 54 NY2d 137, 147), we conclude that counsel provided meaningful representation.

Addressing the admission of the physical evidence and photographs thereof as circumstantial evidence, its admission will be upheld if shown to be relevant and probative of the fact that is to be established (*see, People v Yazum*, 13 NY2d 302, 304). The jury heard testimony concerning such evidence from one of the victims who testified that defendant committed acts upon her at a remote location and that defendant brought beer with him and drank it at that time. After the crime, she returned to such location with an investigator where the objects were found in the place where they had been discarded on the night of the incident. Upon this foundation, we find that County Court properly admitted the evidence.

As to the statements made by defendant to police authorities that he had previously brought alcohol to the residence and had used marihuana, we agree that evidence of an individual's prior immoral or criminal acts is generally inadmissible (*see, People v Ventimiglia*, 52 NY2d 350). However, such evidence may be admitted where it is probative of a defendant's intent or of a common plan or scheme (*see, People v Molineux*, 168 NY 264, 293). Here, each of the three victims testified that defendant had used alcohol and drugs in perpetrating the crimes against them. His statements, therefore, provided valuable background information, probative of his common plan to use these substances in the commission of his crimes (*see, People v Maxwell*, 260 AD2d 653, *lv denied* 93 NY2d 1004).

Given defendant's criminal history, the nature of the crimes committed, and his exploitation of a position of trust over the victims, we find no basis upon which to conclude that his sentence was harsh or excessive. Finding no abuse of discretion by the sentencing court or any extraordinary circumstances warranting our modification (*see, People v Johnson*, 267 AD2d 609; *People v Lawson*, 260 AD2d 863), we affirm.

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.