■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIKI LYNN, Also Known as FIDEL LYNCH, Appellant. [744 NYS2d

524] —Rose, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered May 11, 2000, convicting defendant upon his plea of guilty of two counts of the crime of criminal sale of a controlled substance in the third degree.

In September 1999, defendant was indicted on two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the seventh degree for having sold crack cocaine to undercover police officers in the City of Hudson, Columbia County, on two separate occasions. Defendant pleaded guilty to the indictment and County Court imposed a sentence of 2 to 9 years in prison on each felony sale count, to be served concurrently.* On appeal, defendant challenges the sufficiency of his plea allocution and claims that he did not receive the effective assistance of counsel. Neither argument is persuasive.

Initially, we note that because defendant did not move to withdraw his plea or vacate the judgment of conviction, neither of his claims are preserved for our review (*see, People v Johnson*, 82 NY2d 683, 685; *People v Lambe*, 282 AD2d 776, 777; *People v Goodings*, 277 AD2d 725, 725, *lv denied* 96 NY2d 735). Nevertheless, were we to consider these issues, we would find them to be without merit. The record establishes that at the plea allocution, County Court made a careful and thorough inquiry and ascertained that defendant understood the charges, understood the rights he would be relinquishing in exchange for his plea and was voluntarily withdrawing his previously asserted alibi defense. When defendant stated that he could not remember to whom he sold the cocaine on a specific date, the court recessed the proceedings and refused to continue with the allocution unless defendant was able to offer a present recollection of the particulars regarding his crimes. Thereafter, the court elicited sufficient details from defendant to ascertain that he had, in fact, committed the crimes in question. The colloquy between defendant and the court cast no doubt on his guilt and amply demonstrated that his guilty plea was freely and knowingly given (*see, People v Harris*, 293 AD2d 818, 818-819; *People v Bolden*, 289 AD2d 607, 609).

Likewise, we are unpersuaded by defendant's claim that he received ineffective assistance of counsel. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel * * *" (*People v Ford*, 86 NY2d 397, 404 [citations

---

* The misdemeanor possession counts were deemed dismissed as lesser included offenses of the felony sale counts.

omitted]). In this case, defendant received a favorable sentence and expressly stated during the plea allocution that he was satisfied with his attorney's representation. Accordingly, we find no merit to defendant's argument.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

