■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LIND, Appellant. [748 NYS2d 703] —Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered November 2, 1998, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant pleaded guilty to one count of the crime of robbery in the first degree in full satisfaction of multiple charges stemming from two robberies in the City of Schenectady, Schenectady County. He agreed as a condition of the plea to waive his right to appeal. Consistent with the plea agreement, defendant was sentenced to an 18-year determinate term of incarceration, which runs concurrently with sentences defendant received for crimes committed in Rensselaer County and Albany County. Defendant appeals.

Defendant argues that he was pressured to accept the plea agreement and, therefore, the agreement was not made knowingly, voluntarily and intelligently. Defendant's failure to move to withdraw the plea or vacate the judgment precludes review where, as here, he waived his right to appeal and the factual recitation regarding the crime to which he pleaded guilty does not "clearly cast[ ] significant doubt upon the defendant's guilt or otherwise call[ ] into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666; *see People v Benjamin*, 296 AD2d 666; *People v Kemp*, 288 AD2d 635). Indeed, review of the plea allocution reflects that defendant acknowledged committing the acts constituting the crime and nothing in the record reveals a serious question about the voluntariness of the plea.

We find meritless defendant's contention that he was deprived of the effective assistance of counsel. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [citations omitted]; *see People v Lynn*, 295 AD2d 753, 754). Here, defendant was faced with multiple counts and potential consecutive sentences, but was permitted to plead to a single count and he received a concurrent sentence.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.