■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONCEPTUALIZATION GIBBS, Appellant. [750 NYS2d 803] —Mercure, J.P. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 12, 2001, convicting defendant upon his plea of guilty of the crime of aggravated harassment of an employee by an inmate.

While incarcerated in a state correctional facility, defendant allegedly threw urine on three correction officers. He was charged with three counts of aggravated harassment of an employee by an inmate. He pleaded guilty to one of these counts and was sentenced as a second felony offender to a prison term of 2½ to 5 years to run consecutive to the term he was then serving. Defendant appeals.

Defendant asserts that he was denied the effective assistance of counsel because his attorney failed to review DNA tests or a videotape of the area where the incident allegedly occurred in order to develop an alibi defense. Initially, inasmuch as defendant failed to make a motion to withdraw his guilty plea or vacate the judgment of conviction, he has not preserved this claim for our review (*see People v Wright*, 295 AD2d 806, 806-807; *People v Lynn*, 295 AD2d 753, 754). In any event, insofar as this claim is premised on matters outside the present record, we are precluded from reviewing it (*see People v Scretchen*, 270 AD2d 515, 516; *People v Garcia*, 187 AD2d 868, 868, *lv denied* 81 NY2d 885). Furthermore, given the nature of the crime, defendant's status as a prison inmate and the favorable plea agreement, we find no abuse of discretion in the sentence imposed or extraordinary circumstances warranting a modification (*see People v Biggs*, 268 AD2d 800; *People v Martinez*, 258 AD2d 825, *lv denied* 93 NY2d 974).

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.