■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC MANN, Appellant. [752 NYS2d 171] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered June 26, 2001, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant waived indictment and consented to be prosecuted by a superior court information charging him with attempted criminal sale of a controlled substance in the third degree. Thereafter, the District Attorney made a plea offer which entailed defendant pleading guilty to that charge and receiving a sentence of 4½ to 9 years to be served by participating in a particular drug treatment program. Before this plea offer was accepted, however, it was discovered that defendant had a prior violent felony conviction which made him ineligible for participation in the program. As a result, the District Attorney made a new plea offer under which defendant would

plead guilty to the same charge, be sentenced as a second felony offender to a prison term of 3 to 6 years and reserve his right to appeal. After conferring with counsel, defendant accepted this plea offer and was sentenced accordingly. He now appeals.

Defendant asserts that he was deprived of the effective assistance of counsel because his attorney should have discovered the prior violent felony conviction before entering into plea negotiations with the District Attorney and should have made sure that defendant's pro se motion was timely filed with County Court. Initially, we note that insofar as defendant did not move to withdraw his plea or vacate the judgment of conviction, he has failed to preserve this claim for our review (*see People v Wright*, 295 AD2d 806; *People v Church*, 287 AD2d 788, 788, *lv. denied* 97 NY2d 680). Nevertheless, were we to consider it, we would find it to be without merit. Notwithstanding the fact that defense counsel did not know of the prior conviction at the time of the original offer, there is no indication that this impeded his negotiation of a very favorable plea. Because of the prior conviction, defendant could not legally have been sentenced, as an alternative to incarceration, to confinement in the program (*see* CPL 410.91 [2]; 7 NYCRR 105.1). Notably, the 3 to 6-year sentence ultimately negotiated by defense counsel was the mandatory minimum that could be imposed upon defendant as a second felony offender for a class C felony (*see* Penal Law § 70.06 [3] [c]; [4] [b]). In view of this, defendant's pro se motion, which consisted primarily of letters requesting leniency and was received by the court prior to sentencing, could not have produced a more favorable result. Viewing defense counsel's conduct in totality, we find that defendant was afforded meaningful representation (*see People v Baldi*, 54 NY2d 137, 147). Although defendant urges that CPL 410.91 should be struck down because it unfairly prevents him from participating in the program due to a 24-year-old prior conviction, this is properly the function of the Legislature, not this Court.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.