■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HANNA, Appellant. [755 NYS2d 337] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered November 21, 2000, convicting defendant upon his plea of guilty of the crime of grand larceny in the first degree.

Defendant, a former treasurer for the Capital Region BOCES in Albany County, was charged in a superior court information with grand larceny in the first degree after it was discovered that he had written checks to himself totaling approximately $3,700,000 from BOCES' bank accounts. He pleaded guilty to this charge and agreed to waive his right to appeal. He was sentenced in accordance with the plea agreement to a prison term of 5 to 15 years and ordered to pay restitution. He now appeals.

Turning first to the contentions raised in the brief filed by defendant's appellate counsel, he asserts that County Court should have exercised its discretion and imposed a sentence less than that agreed upon as part of the plea bargain process and that the sentence imposed is harsh and excessive. These contentions, however, are encompassed by defendant's waiver of the right to appeal which was part of a knowing, voluntary and intelligent guilty plea (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Varno*, 297 AD2d 873, 874 [2002], *lv denied* 99 NY2d 565 [2002]; *People v Fewell [Sawyer]*, 284 AD2d 563, 563 [2001], *lvs denied* 97 NY2d 681, 687 [2001]). In any event, were we to address the propriety of the sentence, we would find no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice.

As for defendant's pro se argument that he was denied the

effective assistance of counsel, this claim is not preserved for our review given defendant's failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Mann*, 300 AD2d 829 [2002]; *People v Wright*, 295 AD2d 806, 807 [2002]). In addition, defendant's assertions that his counsel had a conflict of interest and that he failed to communicate lesser sentencing options are not properly before us as they are based upon matters outside the record (*see People v Carroll*, 299 AD2d 572, 572 [2002]; *People v Pagan*, 284 AD2d 651, 652 [2001], *lv denied* 96 NY2d 922 [2001]). In any event, inasmuch as defendant received an advantageous plea and nothing in the record casts doubt upon his counsel's effectiveness, we conclude that he was provided meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Lynn*, 295 AD2d 753, 754 [2002]).

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.