■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW M. PRATT, Appellant. [755 NYS2d 339] —Carpinello, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered November 20, 2001, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant pleaded guilty to one count of sexual abuse in the first degree stemming from his inappropriate sexual contact with a seven-year-old girl.* Of the two contentions advanced on appeal, only one survives the guilty plea, namely, defendant's claim that he was deprived of his constitutional right to a speedy trial. Balancing the factors outlined under *People v Taranovich* (37 NY2d 442, 445 [1975]) for evaluating such a claim, we find that defendant was not so deprived (*see e.g. People v Johnson*, 188 AD2d 749 [1992]; *People v Gee*, 168 AD2d 811 [1990], *lv denied* 77 NY2d 877 [1991]). The record reveals that the nine-month delay of which defendant complains was

---

* Defendant had been charged with three counts each of rape and attempted rape in the first degree; however, these charges were dismissed by County Court for legally insufficient evidence before the grand jury. Three counts of sexual abuse in the first degree and three counts of endangering the welfare of a child, however, remained extant and defendant's guilty plea was in satisfaction of these particular charges.

not itself exorbitantly lengthy and was, in any event, partially attributable to defendant (*see id.*). The charges which remained against him (*see* n, *supra*), on the other hand, were quite serious, stemming from allegations of sexual contact on three occasions with a young victim. Moreover, defendant concedes that he "can point to no specific impairment of his defense resulting from the delay." Under these circumstances, we find that defendant was not denied his constitutional right to a speedy trial (*see e.g. People v Cunningham*, 222 AD2d 727, 728-729 [1995], *lv denied* 87 NY2d 1018 [1996]; *People v Johnson, supra; People v Crown*, 124 AD2d 898, 899 [1986]).

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.