■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SMITH, Appellant. [758 NYS2d 873] —Kane, J. Appeal from

a judgment of the County Court of Albany County (Rosen, J.), rendered April 7, 1999, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was indicted on charges of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and criminal use of drug paraphernalia in the second degree (two counts) after a search of premises associated with defendant uncovered a quantity of cocaine, a scale and plastic baggies. Defendant moved to suppress this evidence, but before a suppression hearing could be held, defendant entered a negotiated plea of guilty to the crime of criminal possession of a controlled substance in the third degree in full satisfaction of the indictment. Defendant, a second felony offender, was sentenced in accordance with the plea agreement to a prison term of 4½ to 9 years. Defendant now appeals.

Initially, defendant's challenge to the voluntariness of his plea is unpreserved for our review because defendant did not move to withdraw his plea or to vacate the judgment of conviction (see People v Barnes, 302 AD2d 623, 623 [2003]; People v Fulford, 296 AD2d 661, 662 [2002]; People v Doty, 267 AD2d 616, 617 [1999]). In any event, County Court conducted a thorough plea colloquy, ascertaining that defendant was thinking clearly, was not under duress and understood the nature and consequences of his guilty plea. Further, defendant admitted committing acts satisfying each element of the crime of criminal possession of a controlled substance in the third degree (see Penal Law § 220.16 [1]). Accordingly, we conclude that defendant's plea was knowing, voluntary and intelligent.

We reject defendant's claim of ineffective assistance of counsel, which is predicated on counsel's failure to make certain pretrial motions and allegedly deficient discussions with defendant. Notably, defendant did not make a CPL 440.10 motion by which a record of counsel's preparations and client consultations could have been developed (see People v Jones, 55 NY2d 771, 773 [1981]; People v Gregory, 290 AD2d 810, 811 [2002], lv denied 98 NY2d 675 [2002]; People v Paige, 289 AD2d 872, 873 [2001], lv denied 97 NY2d 759 [2002]). Further, counsel's failure to make a particular pretrial motion does not, in itself, constitute ineffective assistance (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Rodriguez, 303 AD2d 783, 785-786 [2003]; People v Paige, supra). Viewing the totality of the circumstance of this case, and in light of the favorable plea agreement and reduction in defendant's sentencing exposure,

we conclude that counsel provided meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Crippa*, 245 AD2d 811, 812 [1997], *lv denied* 92 NY2d 850 [1998]). Defendant's remaining contentions have been considered and found to be unavailing.

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.