◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMELL CURMON, Also Known as GOTTI, Appellant. [761 NYS2d

532] —Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered August 11, 1998, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.

In accordance with a plea bargain, defendant pleaded guilty to a superior court information charging him with robbery in the third degree. As part of the plea agreement, defendant was to receive a sentence of 1 to 3 years in prison and waive his right to appeal. After signing a *Parker* admonishment, defendant failed to appear for sentencing and a bench warrant was issued for his arrest. Subsequently, County Court conducted an *Outley* hearing on the issue of, among other things, defendant's violation of the *Parker* admonishment. After concluding that defendant violated the admonishment, County Court sentenced defendant to 2 to 6 years in prison. Defendant now appeals.

Defendant asserts that he was denied the effective assistance of counsel because his attorney failed to present evidence in his defense with respect to his violation of the *Parker* admonishment. Initially, we note that this claim is not preserved for our review inasmuch as defendant did not move to withdraw his plea or vacate the judgment of conviction (*see People v Hanna*, 303 AD2d 838, 838-839 [2003]; *People v Gibbs*, 300 AD2d 759, 760 [2002], *lv denied* 99 NY2d 628 [2003]). In any event, were we to address it, we would find this claim to be without merit. The record reveals that defense counsel explained the circumstances leading up to defendant's failure to appear for sentencing and conferred with defendant when County Court indicated that defendant bore the burden of establishing a reasonable explanation for his nonappearance. Defense counsel then communicated to the court that defendant did not wish to introduce any testimony on this issue. In light of this, defendant may not now complain that his counsel did not present an adequate defense.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.