■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN M. VAN GORDEN, Appellant. [763 NYS2d 686] —Kane, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 15, 2002, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the second degree.

Defendant was charged in an indictment with multiple sex crimes stemming from various incidents in which he had sexual contact with his stepdaughter who was then 9 or 10 years old. Defendant's wife apparently also participated in some of these acts and separate charges were brought against her. Defendant subsequently pleaded guilty to the crime of course of sexual conduct against a child in the second degree in full satisfaction of the indictment. During the plea proceedings, County Court advised defendant that it could impose a maximum prison term of seven years, but did not promise a particular sentence. Thereafter, defendant was sentenced to a determinate seven-year prison term, to be followed by a three-year period of postrelease supervision. Defendant now appeals.

Defendant's failure to move to withdraw his plea or vacate the judgment of conviction precludes him from asserting that he was denied the effective assistance of counsel (*see People v Hanna,* 303 AD2d 838, 839 [2003]; *People v Gibbs,* 300 AD2d 759, 760 [2002], *lv denied* 99 NY2d 628 [2003]). In any event, were we to address this claim, we would find it to be unpersuasive. Although defendant contends that various alleged deficiencies of counsel led County Court to impose the maximum seven-year sentence, the sentencing minutes indicate that defense counsel advised the court of the prosecution's prior two-year plea offer, as well as the two-year sentence imposed upon defendant's wife, in an effort to have the court impose a lesser sentence. In light of this, and viewing the total-

ity of the circumstances, we find that defendant was provided meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Camp,* 302 AD2d 629, 630 [2003]).

Defendant's claim that County Court was biased as a result of its involvement in related Family Court proceedings concerns matters outside the present record and is not properly before us (*see People v Hanna, supra* at 839; *People v Gibbs, supra* at 760; *see also People v Ryan,* 229 AD2d 623, 624 [1996], *affd* 90 NY2d 822 [1997]). Defendant's contention that the sentence is harsh and excessive is also not compelling. Given the nature of the offense and defendant's criminal background, we find no abuse of discretion or extraordinary circumstances warranting modification of the sentence in the interest of justice (*see People v McKoy,* 303 AD2d 842, 843 [2003]; *People v Smith,* 300 AD2d 745, 746 [2002], *lv denied* 99 NY2d 616 [2003]).

Finally, defendant contends that he should be allowed to withdraw his plea because he was not informed during the plea proceedings that the determinate term of imprisonment imposed by County Court would be followed by a period of postrelease supervision (*see People v Jaworski,* 296 AD2d 597, 598 [2002]; *People v Goss,* 286 AD2d 180, 184 [2001]). As this sentence was not illegal, defendant was required to register a timely objection to the sentence before the trial court in order to preserve the issue for appellate review (*see People v Williams,* 300 AD2d 825, 827 [2002]; *People v Ifill,* 108 AD2d 202, 203 [1985]; *see also People v Samms,* 95 NY2d 52, 56-57 [2000]). He failed to object, even though the People stated their recommended sentence, which included the three years of postrelease supervision, before defendant and his counsel were given an opportunity to speak. In light of the fact that *People v Goss* (*supra*) was decided in November 2001, prior to defendant's plea and sentence, and County Court actually imposed the period of postrelease supervision at sentencing, we decline to exercise our interest of justice jurisdiction to vacate defendant's plea (*see* CPL 470.15 [3] [c]).

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.