■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. HULTS, Appellant. [764 NYS2d 145] —Rose, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered August 5, 2002, convicting defendant upon his plea of guilty of the crime of sodomy in the second degree.

Defendant pleaded guilty to sodomy in the second degree in

satisfaction of a 10-count indictment charging him with various sex crimes as well as endangering the welfare of a child. He was sentenced in accordance with the plea agreement to 2 to 6 years in prison. On appeal, he contends that his guilty plea was not knowing, voluntary or intelligent and that the sentence imposed was harsh and excessive.

Initially, we note that inasmuch as defendant neither moved to withdraw his guilty plea nor to vacate the judgment of conviction, his challenge to the voluntariness of the plea is unpreserved (*see People v Echandy*, 306 AD2d 693 [2003]; *People v De Berardinis*, 304 AD2d 914, 915 [2003]; *People v Fulford*, 296 AD2d 661, 662 [2002]). Even if we were to consider the substance of defendant's claim, however, we would find it to be without merit. The record discloses that County Court advised defendant of the rights he was forfeiting by entering a guilty plea, which defendant indicated he understood. Defendant further stated that he was sober, satisfied with the services of his attorney and making a knowing, voluntary and intelligent decision to plead guilty. He then admitted to engaging in deviate sexual intercourse with his nephew, who was 13 years old at the time. In view of the foregoing, we find that defendant entered a knowing, voluntary and intelligent plea (*see People v De Berardinis, supra* at 915; *People v Sampson*, 301 AD2d 677, 677 [2003]). Furthermore, given the loathsome nature of the crime, involving defendant's exploitation of a position of trust over the victim, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence in the interest of justice (*see People v Agan*, 301 AD2d 968 [2003]; *People v Paige*, 289 AD2d 872, 874 [2001], *lv denied* 97 NY2d 759 [2002]).

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.