Cardona, P J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 24, 2002, convicting defendant upon his plea of guilty of the crime of attempted course of sexual conduct against a child in the first degree.
A four-count indictment charged defendant with various crimes related to alleged sexual encounters with an 11-year-old child between August 1996 and March 1997 in the City of Elmira, Chemung County. Thereafter, in satisfaction of all pending charges, defendant pleaded guilty to the crime of attempted course of sexual conduct against a child in the first degree {see Penal Law §§ 110.00, 130.75 [1] [a]). Pursuant to the terms of a plea agreement, defendant was to be sentenced to a prison term of five years. Furthermore, while the People recommended a 21/2-year postrelease supervision period, it was understood that County Court was not bound by that recommendation and could impose the maximum period of supervision. Subsequently, County Court sentenced defendant as a second felony offender to the promised five-year term and, additionally, imposed the maximum postrelease supervision period of five years. This appeal ensued.
Initially, we note that, inasmuch as defendant did not move to withdraw the plea or vacate the judgment of conviction, he has not preserved his challenge to the voluntariness of the plea (see People v Hults, 308 AD2d 608, 609 [2003]; People v De Berardinis, 304 AD2d 914, 915 [2003], lv denied 100 NY2d 580 [2003]). In any event, were we to consider that claim, we would find it without merit. County Court conducted a thorough inquiry as to whether defendant understood the plea agreement and the consequences thereof. He was advised of the rights he was *801 forfeiting by pleading guilty. Defendant affirmatively stated that his plea was voluntary and had sufficient time to consult with his attorney. County Court also engaged defendant in a thorough, explicit recitation of the underlying facts of the crime, and defendant admitted the charged conduct. Therefore, were the matter properly before us, we would find that defendant’s plea was knowing, voluntary and intelligent (see People v Sampson, 301 AD2d 677, 677 [2003]).
Next, defendant’s argument that he was denied the effective assistance of counsel is similarly unpreserved for appellate review (see People v Van Gorden, 307 AD2d 547 [2003]; People v Hanna, 303 AD2d 838, 839 [2003]). Nevertheless, were we to address the argument, we would find it unavailing. Notably, the majority of defendant’s allegations concern matters outside the record and would be more appropriately addressed in a CPL article 440 motion where the necessary facts could be developed (see People v Hemingway, 306 AD2d 689, 690 [2003]; People v Smith, 305 AD2d 853, 854 [2003]). In any event, in addition to the advantageous plea agreement, the record reveals, inter alia, that counsel made pretrial motions, discovery requests and adequately advocated on defendant’s behalf throughout the proceedings (see People v De Berardinis, supra at 916; People v Hanna, supra at 839). Accordingly, defendant was not deprived of meaningful representation under all the circumstances.
Finally, we are unpersuaded by defendant’s contention that his sentence was harsh and excessive. The sentence imposed was within statutory guidelines and there is no proof establishing an abuse of County Court’s discretion or extraordinary circumstances that would justify a modification of the sentence in the interest of justice (see People v Hults, supra).
Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.