(December 11, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD ALSTON, Appellant. [768 NYS2d 389]—Crew III, J.P. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered April 21, 2000, convicting defendant upon his plea of guilty of the crime of attempted sodomy in the third degree.

Defendant pleaded guilty to the crime of attempted sodomy in the third degree in satisfaction of a two-count indictment. Prior to sentencing, County Court conducted a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) for a determination of defendant's risk assessment as a sex offender. County Court classified defendant as a risk level III sex offender and thereafter sentenced defendant to time served and three years' probation in accordance with the plea agreement (see Correction Law § 168-n). Defendant now appeals.

Defense counsel seeks to be relieved of his assignment on the ground that there are no nonfrivolous issues that can be raised on appeal. Upon our review of the record and defendant's pro se letter, wherein he contends that he was "mentally disordered" on the day of the plea and not otherwise fully informed by his attorneys of the effect of SORA's requirements, we agree. To the extent that defendant argues that his plea was not knowing or voluntary, this claim is not preserved for our review because defendant failed to move to withdraw the plea or vacate the

judgment of conviction (*see People v Miller*, 306 AD2d 752, 753 [2003]; *People v De Berardinis*, 304 AD2d 914, 915 [2003], *lv denied* 100 NY2d 580 [2003]). In any event, we find that the record clearly reveals that defendant's plea, which included a waiver of his right to appeal, was knowingly, voluntarily and intelligently made. Notably, County Court clearly explained to defendant the consequences of defendant's plea and adequately ascertained that he fully understood the implications of SORA, had discussed his plea and SORA with counsel and had no questions regarding any of the conditions that County Court imposed. Accordingly, we affirm the judgment of conviction and grant defense counsel's application for leave to withdraw (*see People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.