■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY PRINGLE, Appellant. [782 NYS2d 132]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 4, 2001 in Albany County, convicting defendant upon of his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to the crime of attempted criminal possession of a controlled substance in the third degree and was thereafter sentenced to a prison term of 3 to 9 years. Defendant appeals.

At the outset, we note that defendant's failure to move to withdraw his plea or vacate the judgment of conviction renders his current attack on the voluntariness of the plea unpreserved for our review (*see People v Smith*, 305 AD2d 853, 854 [2003], *lv denied* 100 NY2d 624 [2003]; *People v Kemp*, 288 AD2d 635, 635 [2001]). Were we to reach the issue, our examination of the plea minutes reveals that Supreme Court conducted a thorough and proper colloquy, during which it ascertained that defendant was

entering the plea free of duress or any condition that would hamper his understanding or willingness to accept the consequences thereof, he had discussed the matter at length with his retained counsel and was satisfied with the services he provided, and he freely and unequivocally admitted to facts establishing the elements of the crime for which he was entering the plea (*see* Penal Law §§ 110.00, 220.16; *People v Smith, supra* at 854; *People v McWhite*, 295 AD2d 757, 758 [2002]). In response to defendant's challenge to the factual sufficiency of the plea, we note that there is no requirement that defendant personally recite the facts underlying his crime (*see People v Kinch*, 237 AD2d 830, 831 [1997], *lv denied* 90 NY2d 860 [1997]), particularly where, as here, defendant's affirmative answers during Supreme Court's inquiry therein neither cast doubt on his guilt nor otherwise raised any issues regarding the voluntariness of his plea (*see People v Lind*, 298 AD2d 765, 766 [2002], *lv denied* 99 NY2d 616 [2003]). Defendant's additional argument that defense counsel's failure to investigate possible defenses impacted the voluntariness of his plea finds no support in the record and, in any event, is belied by defendant's own statements that he had fully discussed his options with his counsel to his satisfaction (*see People v Anderson*, 304 AD2d 975, 976 [2003], *lv denied* 100 NY2d 578 [2003]; *People v Camp*, 302 AD2d 629, 630 [2003], *lv denied* 100 NY2d 593 [2003]). Finding no basis for determining that the plea was anything but knowing, voluntary and intelligent, we decline to disturb it (*see People v Donaldson*, 1 AD3d 800, 800-801 [2003], *lv denied* 2 NY3d 739 [2004]).

Defendant's remaining argument that his sentence was harsh and excessive is precluded by his general waiver of his right to appeal (*see People v Hidalgo*, 91 NY2d 733 [1998]; *People v Varno*, 297 AD2d 873, 874 [2002], *lv denied* 99 NY2d 565 [2002]).

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.