■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COSMO MITCHETTI, Appellant. [785 NYS2d 606]—

Lahtinen, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 10, 2003, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

Defendant was indicted for grand larceny in the third degree for allegedly stealing in excess of $3,000 of merchandise, including numerous computers and DVD players, from a Wal-Mart in the Town of Thompson, Sullivan County. A deal was negotiated in which defendant pleaded guilty to the charged crime and waived his right to appeal in exchange for a sentence of 2½ to 5 years. During the allocution, defendant stated that his criminal conduct was driven by a desire for money to finance his drug habit. At sentencing, defendant requested that, pursuant to CPL 410.91, he be placed under parole supervision and receive treatment for his drug problem. County Court found him ineligible for this option since he had a prior violent felony conviction (*see* CPL 410.91 [2]). He was sentenced to 2½ to 5 years in prison. Defendant appeals.

We find unpersuasive defendant's contention that his waiver of the right to appeal was not valid. "The waiver of the right to appeal is enforceable as long as the waiver is on the record and is voluntary, knowing and intelligent, and does not implicate those categories of claims that survive appeal waivers under our case law" (*People v Hidalgo*, 91 NY2d 733, 735 [1998] [citations omitted]; *see People v Muniz*, 91 NY2d 570, 574-575 [1998]). Determining whether a waiver meets these conditions requires consideration of a variety of factors, "including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused" (*People v Callahan*, 80 NY2d 273, 280 [1992]; *see People v Seaberg*, 74 NY2d 1, 11 [1989]).

At the time of his plea, defendant was 38 years old and he

had extensive experience in the criminal justice system, including approximately 18 prior arrests and a previous felony conviction. Defendant received less than the maximum sentence and, in light of his criminal background, the sentence was favorable. The fact that County Court did not specifically inquire about his level of education does not undermine the validity of his waiver. Defendant acknowledged on the record that he was waiving, among other things, his right to appeal and that no other promises—other than the agreed sentence—had been made for such waiver. During the plea colloquy, County Court apprised defendant of his rights and the consequences of his plea. Defendant then admitted to stealing various property from Wal-Mart during late 2002 and early 2003.

In addition to supporting the validity of the waiver, the facts in the record also belie defendant's argument that his plea was not voluntary; an argument that was not, in any event, preserved for our review since defendant did not move to withdraw the plea or vacate the judgment of conviction (*see People v Alston*, 2 AD3d 966, 966-967 [2003]).

To the extent that defendant's constitutional challenge to CPL 410.91 survived his guilty plea and waiver of appeal, we find no merit in that challenge (*see People v Mann*, 300 AD2d 829, 830 [2002], *lv denied* 100 NY2d 596 [2003]; *People v Kinch*, 237 AD2d 830, 831 [1997], *lv denied* 90 NY2d 860 [1997]). Defendant has a prior conviction for attempted burglary, which disqualified him from consideration under CPL 410.91. Setting the parameters for participation in the drug treatment program authorized by such statute is "properly the function of the Legislature" (*People v Mann, supra* at 830).

Defendant's assertion that he did not receive the effective assistance of counsel is not properly before us (*see People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]). Nevertheless, our discretionary review reveals no merit to the assertion. Defendant stated on the record that he was satisfied with his attorney, who was able to negotiate a favorable plea for a period of incarceration considerably less than the potential maximum to which he was exposed.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.