■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FLOOD, Appellant. [790 NYS2d 756]—Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 15, 2002, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

In full satisfaction of a seven-count indictment, defendant pleaded guilty to robbery in the first degree, the top count charged. Pursuant to the plea agreement, which included a waiver of the right to appeal, County Court sentenced defendant as a second felony offender to a prison term of 15 years, with five years of postrelease supervision. Defendant now appeals contending that he was denied the effective assistance of counsel and the sentence imposed is harsh and excessive.

Initially, we note that defendant's assertion that he did not receive the effective assistance of counsel is not properly before us as he failed to move to withdraw his plea or vacate the judgment of conviction (*see People v Van Gorden*, 307 AD2d 547, 547 [2003], *lv denied* 1 NY3d 581 [2003]; *People v Hanna*, 303 AD2d 838, 838-839 [2003]). In any event, defendant's claim is without merit. First, the record belies defendant's averments with respect to counsel's purported failure to file a change of counsel notice since it is apparent that such notice was entered with the court the day before defendant pleaded guilty. Next, defendant's contention that he was not meaningfully informed of his rights as a result of counsel's unfamiliarity with postrelease supervision is unavailing insofar as the record reveals that County Court advised defendant—prior to accepting his plea—that postrelease supervision was statutorily mandated (*see* Penal Law § 70.45; *People v Harres*, 12 AD3d 786, 787 [2004]).

Finally, given defendant's knowing, voluntary and intelligent guilty plea and waiver of the right to appeal, we will not review his contention that his sentence is harsh and excessive (*see People v Mauzon*, 13 AD3d 669, 670 [2004]; *People v Clow*, 10 AD3d 803, 804 [2004]).

Crew III, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.