■ The People of the State of New York, Respondent, v Brian Svenson, Appellant. [794 NYS2d 749]—

Peters, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 2, 2004, convicting defendant upon his plea of guilty of the crime of gang assault in the second degree.

Defendant was charged with assault in the first degree and gang assault in the first degree for his participation in the beating of the victim in the City of Binghamton, Broome County. Pursuant to a negotiated plea agreement, defendant pleaded guilty to gang assault in the second degree in full satisfaction of the indictment in exchange for an agreed-upon sentence of four years in prison and four years of postrelease supervision. He was thereafter sentenced in accordance with the plea agreement and now appeals, contending that defense counsel was ineffective.

We affirm. Defendant's ineffective assistance claim is unpreserved for our review given his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Flood,* 16 AD3d 772, 772 [2005]; *People v Sharlow,* 12 AD3d 724, 726 [2004], *lv denied* 4 NY3d 748 [2004]). In any event, our review of the record convinces us that defendant received meaningful representation in connection with his plea.

The plea minutes reveal that defendant initially expressed concern about entering a guilty plea because he had previously given a different account of his participation in the assault and feared that his admissions during the plea colloquy would cause him to commit perjury. However, the record confirms that defense counsel advised defendant that he would not be prosecuted for perjury as a result of his admissions at the hearing, and defendant indicated that he had discussed the plea bargain with counsel and was satisfied with the services that he received. Defendant also indicated that he understood the rights he was relinquishing by virtue of pleading guilty and that he was doing so freely and voluntarily, and thereafter set forth the facts underlying the crime charged. Viewing defense counsel's representation in its totality, including his negotiation of a favorable plea bargain that reduced defendant's exposure to a lengthier prison term, we find no merit to defendant's claim (*see People v Scott*, 12 AD3d 716, 717-718 [2004]; *People v Wright*, 295 AD2d 806, 806-807 [2002]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.