(October 27, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL C. GARRAND, Appellant. [802 NYS2d 789]—

Peters, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered April 7, 2003, convicting defendant upon his plea of guilty of the crime of attempted tampering with a witness in the second degree.

Defendant was charged in a four-count indictment with tampering with a witness in the second degree, intimidating a victim or witness in the third degree,* menacing in the third degree and aggravated harassment in the second degree in connection with conduct which occurred in October 2002 in the Village of Malone, Franklin County. Initially, defendant agreed to plead guilty to count two of the indictment. However, during the plea proceeding County Court dismissed count two on its own motion for failure to set forth defendant's alleged conduct with any specificity. Upon further conference, defendant then agreed to plead guilty to attempted tampering with a witness in the second degree, a lesser included offense of count one. The People agreed to recommend a sentence of six months in jail followed

---

* The second count of the indictment charged "intimidating a victim or witness in the *second* degree." County Court, however, amended that count to "intimidating a victim or witness in the *third* degree," correcting an apparent typographical error.

by five years probation. County Court accepted defendant's plea of guilty and subsequently sentenced him to a prison term of $1^1/_3$ to 4 years. Defendant now appeals.

Defendant's challenge to the effectiveness of his representation is precluded by his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Allen,* 15 AD3d 689, 690 [2005]). Were we to consider this argument, however, we would find it to be meritless as counsel's representation was meaningful when viewed in its totality (*see People v Svenson,* 18 AD3d 1031, 1032 [2005]). Counsel succeeded in obtaining an advantageous plea agreement for defendant such that he was convicted only of a class E nonviolent felony (*see id.* at 1032; *People v Allen, supra* at 690; *People v Donaldson,* 1 AD3d 800, 801 [2003], *lv denied* 2 NY3d 739 [2004]). Furthermore, counsel submitted a stipulation in lieu of motions to County Court which made several appropriate pretrial requests, including review of the grand jury minutes (*see People v Donaldson, supra* at 801). Pursuant to this request, the court found that the instructions given with regard to aggravated harassment in the second degree were incorrect, and the court consequently reduced that count to the lesser included offense of harassment in the second degree. Additionally, despite the court's initial omission, it later realized the insufficiency of count two and dismissed that count.

Defendant's challenge to the severity of his sentence was not included in his waiver of the right to appeal (*see People v Labarge,* 13 AD3d 989, 989 [2004]). Nonetheless, defendant's argument is not persuasive. County Court did not make any sentencing commitment but, rather, advised defendant that it would consider not only the recommended sentence, but also the information contained in the presentence investigation report and that it could impose a prison sentence of up to four years. Given defendant's lengthy criminal history, lack of remorse and failure to accept responsibility for the instant offense, we cannot conclude that County Court's departure from the recommended sentence was an abuse of discretion or that modification of the sentence is warranted in the interest of justice (*see People v Donaldson, supra* at 801; *compare People v Martin,* 17 AD3d 775, 775-776 [2005]).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.

