THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ALGER, JR., Appellant. [802 NYS2d 805]—

Crew III, J.P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 5, 2004, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the first degree.

In March 2003, defendant was arrested on an information charging him with several offenses arising out of his sexual contact with a 10-year-old female during 1998. Defendant remained incarcerated and participated in plea negotiations through his attorney for approximately one year before a seven-count indictment against him was obtained. In June 2004, defendant pleaded guilty to course of sexual conduct against a child in the first degree and subsequently was sentenced to 15 years in prison. Defendant now appeals.

Defendant argues that he was denied his constitutional right to due process as a result of the preindictment delay. Although such a constitutional challenge does survive defendant's guilty plea and waiver of appeal, defendant's failure to make a motion to dismiss the indictment before County Court due to the preindictment delay precludes appellate review of that issue (*see People v Jordan*, 62 NY2d 825, 826 [1984]; *People v Denis*, 276 AD2d 237, 247 [2000], *lv denied* 96 NY2d 782 [2001]). Nevertheless, if we were to consider this argument in the interest of justice, we would conclude that it is unconvincing. The relevant factors in determining whether a delay in prosecution has violated a defendant's due process right are "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445

[1975]). In this case, the charges against defendant were very serious and defendant has not shown or suggested any impairment of his defense or prejudice suffered by him as a result of the delay in obtaining an indictment (*see People v Rogers*, 8 AD3d 888, 890 [2004]; *People v Cintron*, 7 AD3d 827, 828 [2004]; *People v Pratt*, 303 AD2d 843, 844 [2003], *lv denied* 99 NY2d 657 [2003]). Additionally, although defendant apparently was incarcerated throughout the period at issue, the record indicates that the delay was attributable, at least in part, to ongoing preindictment plea negotiations (*see People v Friscia*, 51 NY2d 845, 847 [1980]).

Defendant's contention that he was denied the effective assistance of counsel also is unpreserved as he failed to move to withdraw his guilty plea or vacate his conviction and the alleged failures of counsel are not related to the voluntariness of his plea (*see People v Svenson*, 18 AD3d 1031 [2005]). Were we to consider defendant's contention, we nonetheless would find it to be without merit. As noted previously, we are unpersuaded that had counsel moved for a dismissal based upon constitutional speedy trial grounds, such motion would have been successful. Moreover, the record amply reflects counsel's diligence in conducting discovery and making appropriate pretrial motions. Finally, counsel obtained an extremely favorable negotiated plea for defendant, who would have faced a substantially greater sentence had he been convicted of the more serious crimes contained in the indictment (*see id.* at 1031-1032).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.