■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SIEBER, Appellant. [809 NYS2d 613]—

Mugglin, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 29, 2004, upon a verdict convicting defendant of the crimes of course of sexual conduct against a child in the first degree and endangering the welfare of a child.

In February 2004, defendant was indicted for course of sexual conduct against a child in the first degree and endangering the welfare of a child. According to the indictment, on or about February 2003 through May 2003 in the Town of Mamakating, Sullivan County, defendant had two or more sexual contacts with the nine-year-old victim. Following a jury trial, defendant was convicted of both charges and sentenced as a second felony offender to a term of imprisonment of 25 years on his conviction of course of sexual conduct against a child in the first degree, together with five years of postrelease supervision, and to a one-year term for his conviction of endangering the welfare of a child.

On this appeal, defendant raises four arguments, two of which are unpreserved. The first of the unpreserved arguments is that County Court improperly allowed the nine-year-old victim to give sworn testimony without conducting a voir dire to determine whether she understood the nature of an oath. Failure to make any protestation at trial leaves the issue unpreserved for our review (see CPL 470.05 [2]; People v Gillard, 7 AD3d 540, 541 [2004], lv denied 3 NY3d 659 [2004]; People v McLoud, 291 AD2d 867, 867-868 [2002], lv denied 98 NY2d 678 [2002]). The related argument that the victim's "unsworn" testimony required corroboration (see CPL 60.20 [3]) is likewise unpreserved and meritless as the victim gave sworn testimony.

Defendant's second unpreserved argument is that there is insufficient evidence that sexual conduct against the child occurred for the relevant time period of "not less than three months in duration" (Penal Law § 130.75 [1]). Defendant's general motion to dismiss did not preserve for appellate review his claim that a particular element of the crime was not established

by legally sufficient evidence (*see People v Finger,* 95 NY2d 894, 895 [2000]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Bynum,* 70 NY2d 858, 859 [1987]; *People v Douglas,* 26 AD3d 522 [2006] [decided herewith]).

We reject both of defendant's preserved issues as meritless. Defendant claims that he was denied the effective assistance of counsel because trial counsel, although aware of it, failed to present an alibi defense. While a single error of this magnitude, since it would be dispositive of the case (*see* CPL 250.20 [1]; *People v Turner,* 5 NY3d 476 [2005]), would establish ineffective assistance, this record contains no support for his present claim that he had a valid alibi defense (*see People v McDonald,* 255 AD2d 688, 688-689 [1998]), rendering this argument meritless. Moreover, our review of the record reveals that defendant received meaningful representation as defense counsel pursued reasonable trial strategies, adequately prepared for trial, vigorously cross-examined prosecution witnesses and gave an effective summation (*see People v Whitehead,* 23 AD3d 695, 697 [2005]; *People v Gomez,* 18 AD3d 478, 478 [2005], *lv denied* 5 NY3d 789 [2005]). As to his argument that the sentence is harsh and excessive, defendant has failed to demonstrate a clear abuse of discretion or that extraordinary circumstances exist which warrant modification (*see People v Perkins,* 5 AD3d 801, 804 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Bankowski,* 204 AD2d 802, 803 [1994]). Here, the sentence imposed was well within the bounds of County Court's discretion given defendant's lengthy criminal history, lack of remorse and failure to accept responsibility for the offense (*see People v Garrand,* 22 AD3d 959, 960 [2005]).

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.