■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL WILLIAMS, Appellant. [819 NYS2d 131]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered August 13, 2004, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.

Defendant was charged in an eight-count indictment with attempted murder in the second degree, two counts of assault in the first degree, two counts of assault in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. In full satisfaction of the indictment, defendant pleaded guilty to attempted assault in the first degree and agreed to waive his right to appeal with the understanding that he would be sentenced to 10 years in prison and a period of postrelease supervision. County Court thereafter sentenced defendant to 10 years in prison and four years of postrelease supervision. Defendant now appeals claiming that County Court violated the terms of the plea agreement by imposing a four-year period of postrelease supervision and he received ineffective assistance of counsel.

Initially, we note that defendant's arguments are unpreserved (see People v Garrand, 22 AD3d 959, 960 [2005], lv denied 6 NY3d 812 [2006]; People v McKane, 222 AD2d 458, 458 [1995]). Nonetheless, the arguments are without merit. The record indicates that the plea agreement did not specify the length of the period of postrelease supervision to be imposed, only that the parties agreed there would be "a term of post-release supervision." County Court's erroneous indication that the period of postrelease supervision would be somewhere between $1^1/_2$ and 3 years was not a promise or term of the negotiated plea agreement. A determinate sentence imposed upon a conviction for a class C violent felony must be accompanied by a period of postrelease supervision between $2^1/_2$ and 5 years (see Penal Law § 70.45 [2] [f]), a fact understood and acknowledged by defendant's counsel at sentencing when he requested that County Court impose the minimum period of postrelease supervision under Penal Law § 70.45 "which would be two-and-a-half years."

Moreover, the favorable plea bargain negotiated here belies

defendant's claim of ineffective assistance of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.