■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW R. PITT, Appellant. [843 NYS2d 192]—

Rose, J. Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered September 28, 2005, convicting defendant upon his plea of guilty of the crimes of attempted rape in the first degree, rape in the second degree, attempted sexual abuse in the first degree (two counts) and endangering the welfare of a child (three counts).

Defendant was indicted on 610 counts charging various sexual crimes committed against three minor children between February 2000 and March 2003. Following lengthy plea negotiations, defendant ultimately pleaded guilty to the crimes of attempted rape in the first degree, rape in the second degree, attempted sexual abuse in the first degree (two counts) and endangering the welfare of a child (three counts). He waived his right to appeal. Defendant was sentenced to, among other things, an aggregate term of imprisonment of 6 to 12 years and now appeals.

In light of his appeal waiver, defendant's sole contention on appeal is that his constitutional speedy trial rights were

violated.* We disagree and therefore affirm the judgment of conviction. When assessing a constitutional speedy trial claim, we must balance "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445 [1975]; *see People v Alger*, 23 AD3d 706, 706 [2005], *lv denied* 6 NY3d 845 [2006]). Bearing these factors in mind, we find that the almost 18-month period between defendant's arrest on four felony complaints and his indictment and arraignment on the instant grand jury charges did not violate his constitutional speedy trial rights. During this period, plea negotiations were conducted—as evidenced by defendant's written waiver of his statutory speedy trial rights executed less than four months after his arrest and, apparently, never retracted. Also, the charges—including a charge of rape in the first degree, a class B felony, and 295 charges of rape in the second degree, class D felonies—are numerous and of a serious nature. Additionally, defendant was released on bail, so an extended period of pretrial incarceration is not an issue, and there is no indication in the record that the defense was impaired in any way by the delay. Thus, on balance, we find that County Court properly weighed the *Taranovich* factors and concluded that the delay was not unreasonable, and we affirm defendant's conviction (*see People v Arrington [Ish]*, 31 AD3d 801, 802 [2006], *lvs denied* 7 NY3d 865, 868 [2006]; *People v Alger*, 23 AD3d at 706; *People v Guishard*, 15 AD3d 731, 732 [2005], *lv denied* 5 NY3d 789 [2005]; *People v Benjamin*, 296 AD2d 666, 667 [2002]).

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

* This issue was properly preserved by motion before County Court (*see People v Bancroft*, 23 AD3d 850, 850-851 [2005], *lv denied* 6 NY3d 752 [2005]; *People v Alger*, 23 AD3d 706, 706 [2005], *lv denied* 6 NY3d 845 [2006]).