■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HEADLEY, Appellant. [801 NYS2d 109]—Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered July 22, 2002, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, an inmate, waived indictment and pleaded guilty to attempted promoting prison contraband in the first degree in satisfaction of a superior court information charging him with several drug crimes. As part of the negotiated plea agreement, defendant waived his right to appeal from all aspects of the case except the sentence. Despite the People's recommendation at sentencing of 1½ to 3 years, County Court sentenced defendant, as a second felony offender, to 2 to 4 years in prison. Defendant now appeals.

We are unpersuaded by defendant's contention that his sentence is harsh and excessive. At the plea allocution, the People agreed to consider reducing their initial sentencing recommendation of 2 to 4 years to 1½ to 3 years if defendant cooperated with an ongoing prison investigation. County Court made clear, however, that it would not be bound by any new rec-

ommendation and advised defendant that it could still sentence him to 2 to 4 years in prison. Defendant indicated that he understood the sentencing recommendation and that the People made no express promises to him regarding a reduced sentence. In light of the foregoing, as well as the People's decision not to seek persistent felony offender status against defendant despite his extensive criminal history, we discern no abuse of discretion in the sentence imposed (*see People v Humphrey*, 13 AD3d 815, 816 [2004], *lv denied* 4 NY3d 799 [2005]; *People v Kane*, 6 AD3d 986, 987 [2004]).

Crew III, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.