■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WHITE, Also Known as ELLIJAH PICKNEY, Appellant. [804 NYS2d 490]—Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered February 26, 2004, which resentenced defendant following his conviction of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant waived indictment and was charged in a superior court information with the crime of criminal possession of a controlled substance in the fourth degree. He pleaded guilty to this charge and waived his right to appeal. Under the terms of the plea agreement, defendant was to be placed on interim probation for one year and, if he successfully completed that term, he would be adjudicated a youthful offender and sentenced to additional probation. The sentence, however, was expressly made contingent on defendant cooperating with probation and abstaining from committing other crimes or being arrested. Defendant was sentenced accordingly. Subsequently, after it was revealed that defendant had falsified his identity and was a second felony offender, he was arrested and charged with numerous offenses, including perjury, forgery, criminal impersonation and false personation. The People moved to amend the caption of the superior court information to reflect defendant's proper identity and alias, and also to vacate defendant's sentence as illegal. Defendant, in turn, requested permission to withdraw his plea. County Court granted the People's applications, denied defendant's request to withdraw his plea and resentenced him to 5 to 10 years in prison as an admitted second felony offender. He now appeals.

Defendant's sole argument is that the 5 to 10-year prison term imposed upon resentencing is harsh and excessive. We disagree. Defendant was fully informed during the plea proceedings that County Court would not be bound to sentence him as agreed in the event he failed to cooperate with probation, committed additional crimes or was rearrested. Yet, during those very proceedings, defendant had assumed a false identity and lied about his criminal background resulting in the eventual filing of additional criminal charges against him. Under these circumstances, and given defendant's lengthy criminal record, we do not find an abuse of discretion or extraordinary circumstances warranting a reduction of the enhanced sentence, which was less than the statutory maximum, in the interest of justice (*see People v Douglas*, 2 AD3d 1050, 1051 [2003], *lv denied* 2 NY3d 761 [2004]; *People v Powers*, 302 AD2d 685, 686 [2003]).

Cardona, P.J., Mercure, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.