■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CONKLIN, Appellant. [834 NYS2d 384]—

Peters, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 20, 2006, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

Defendant and two codefendants were charged in an indictment with burglary in the first degree, robbery in the first degree and assault in the second degree. The charges arose from an incident during which defendant and his codefendants unlawfully entered the home of defendant's former employer, who was approximately 80 years old, and then assaulted and robbed her. Following guilty pleas by his codefendants, who admitted to holding down and kicking the victim but otherwise stated that defendant, though present, was not involved in her physical assault, defendant pleaded guilty to burglary in the first degree in full satisfaction of the indictment. Pursuant to the negotiated plea agreement, County Court sentenced defendant to 12½ years in prison followed by a five-year period of postrelease supervision. He now appeals, asserting that County Court abused its discretion in denying his request for a "voice line-up" and that his sentence was harsh and excessive.

According to defendant, the only evidence connecting him to the crime was the victim's statement to the police wherein she identified defendant, who had covered his face with his shirt throughout their encounter, by his voice. Inasmuch as a review of the record reveals otherwise, we disagree and affirm. Defendant's contention that his sentence is harsh and excessive is similarly unpersuasive. In addition to minimizing the severity of his extensive criminal history, defendant has exhibited no remorse or accepted any responsibility for his participation in a crime that resulted in the hospitalization of an elderly woman who had endeavored to help him in the past. Defendant has failed to demonstrate that extraordinary circumstances exist or that County Court abused its discretion in imposing the agreed-upon sentence and, thus, we decline to disturb it (*see People v Sieber*, 26 AD3d 535, 536 [2006]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.