■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUTHER A. THOMAS, Appellant. [861 NYS2d 230]—

Malone Jr., J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered January 8, 2007, convicting defendant upon his plea of guilty of the crime of robbery in the first degree, and (2) by permission, from an order of said court (Smith, J.), entered September 10, 2007, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

For his role in the 2005 robbery and murder of the victim, de-

fendant was charged by indictment with two counts of murder in the second degree, robbery in the first degree, conspiracy in the fourth degree and tampering with physical evidence. After extensive negotiations, defendant was offered a plea agreement that if he agreed to testify against Jeffrey Kelly, one of his codefendants, he would be permitted to plead guilty to robbery in the first degree, the remaining charges would be dropped and he would receive an 18-year sentence, with five years of postrelease supervision. Defendant accepted the offer, pleaded guilty to robbery in the first degree and County Court (Mathews, J.) ultimately sentenced him in accordance with the plea agreement. Thereafter, defendant appealed from the judgment of conviction and moved pro se for a writ of error coram nobis, which County Court (Smith, J.) treated as a motion to vacate the judgment of conviction pursuant to CPL article 440. County Court denied the motion and, with this Court's permission, defendant also appeals from that order.

Defendant contends that County Court erred in denying his motion to vacate the judgment of conviction because his guilty plea was the product of duress and was not knowingly and voluntarily entered. A court may grant a defendant's motion to vacate a judgment of conviction if, as is relevant here, it finds that the "judgment was procured by duress, misrepresentation or fraud on the part of the court or a prosecutor" (CPL 440.10 [1] [b]). Here, defendant alleges that, had he known at the time he entered his plea that codefendant Angela Weyrauch's testimony at Kelly's trial would be so favorable to him, he would have not entered a guilty plea. However, the record reveals that, before he entered his plea, defendant was provided with full discovery, including all police reports and statements of witnesses. Defendant does not allege, nor is there any indication, that the People intentionally misled defendant or withheld information regarding the testimony that Weyrauch was anticipated to provide at Kelly's trial (compare *People v Pilotti*, 127 AD2d 23 [1987]). Moreover, a review of defendant's plea colloquy "reveals nothing that cast[s] doubt upon [defendant's] guilt or call[s] into question the voluntariness of [his] plea" (*People v Mendez*, 45 AD3d 1109, 1110 [2007]; *see People v Seeber*, 4 NY3d 780, 780-781 [2005]; *People v Alexander*, 97 NY2d 482 [2002]). Further, defendant acknowledged the rights he was forfeiting by pleading guilty, including his right to proceed to trial, admitted that he had sufficient time to confer with counsel and stated that he had not been pressured or coerced into pleading guilty. Defendant then pleaded guilty to robbery in the first degree, admitting that he intended to steal drugs from the victim by use of physical force and that either

he or one of his codefendants used or threatened to use a knife, which is a dangerous instrument (*see* Penal Law § 160.15). Under the circumstances presented here, County Court did not err in denying defendant's motion without a hearing (*see People v Woodard*, 23 AD3d 771, 772 [2005], *lv denied* 6 NY3d 782 [2006]; *People v Sides*, 242 AD2d 750, 751 [1997], *lv denied* 91 NY2d 836 [1997]).

Finally, we are not persuaded that the negotiated sentence of 18 years is harsh and excessive. As defendant has not demonstrated that County Court abused its discretion or that extraordinary circumstances exist, we decline to reduce the sentence in the interest of justice (*see* CPL 470.15 [6] [b]; *People v Conklin*, 39 AD3d 1022, 1023 [2007], *lv denied* 9 NY3d 841 [2007]).

Mercure, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the judgment and order are affirmed.