(December 15, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRAD J. EGGSWARE, Appellant. [934 NYS2d 607]—

Spain, J.

Defendant, while serving five years of probation on a prior burglary, was arrested and charged with various crimes related to his attempt on October 24, 2004 to burglarize a closed convenience store and his burglary of another convenience store in the Village and Town of Tupper Lake, respectively, in Franklin County. On December 6, 2004, defendant, as part of a negotiated agreement, admitted violating his parole and signed a plea proposal agreeing to enter a guilty plea to attempted third degree burglary (one count), to sign a written waiver of indictment and appeal, and to toll his speedy trial rights. However, over five months later on April 19, 2005, defendant was permitted to withdraw his agreement to plead guilty and was thereafter charged in an eight-count indictment with crimes stemming from the burglaries. Defendant was arraigned on June 7, 2005, at which the People declared their readiness for trial and served defendant with pretrial notices. After numerous changes of counsel and pretrial motion practice, including defendant's lengthy omnibus motion (filed in June 2005 and decided in December 2005), defense counsel moved in January 2006 to dismiss the indictment on constitutional speedy trial grounds and for other relief. Due to a conflict, new counsel was assigned and the omnibus motion was renewed.

County Court (Richards, J.) denied the motion to dismiss in a written decision. On February 27, 2006, the rescheduled trial date and pursuant to a new plea agreement, defendant entered a guilty plea to two counts of attempted burglary in the third degree and waived his right to appeal except with regard to constitutional speedy trial and sentencing claims. Defendant was later sentenced by County Court (Main, Jr., J.), as an admitted second felony offender, to two prison terms of 2 to 4 years; the sentences were ordered to be served consecutively, rather than concurrently as initially promised as part of the plea agreement, because the court determined—after an evidentiary hearing—that defendant had violated the court-imposed conditions of his post-plea release under supervision. Defendant now appeals, contending that he was denied his constitutional right to

a speedy trial and the sentence enhancement was harsh and excessive.

Applying and balancing the relevant *Taranovich* factors (*People v Taranovich*, 37 NY2d 442, 445 [1975]), none of which is determinative, we find no basis for finding that defendant was deprived of either his due process right to a prompt prosecution or his constitutional right to a speedy trial (*see People v Decker*, 13 NY3d 12, 14-16 [2009]; *People v Romeo*, 12 NY3d 51, 55-56 [2009], *cert denied* 558 US —, 130 S Ct 63 [2009]; *People v Vernace*, 96 NY2d 886, 887 [2001]; *People v Singer*, 44 NY2d 241, 252 [1978]). Initially, with regard to the critical first factor, the extent of the delay, defendant concedes that the 5$^1$/$_2$-month period of time between his initial agreement to enter a guilty plea and his withdrawal of that agreement (December 6, 2004 to April 19, 2005) is not attributable to the People, but contends that the balance of time until he entered a guilty plea on February 27, 2006 is attributable to the People and deprived him of a speedy trial. We disagree.

To begin, defendant was offered a plea deal within two weeks of his arrest, and the five-week interval between his arrest and his initial agreement to plea was brief. As noted, the ensuing 5$^1$/$_2$-month lapse in time between that initial plea agreement and his withdrawal thereof is attributable to defendant. Thereafter, during the approximately 10-month interval of time until defendant's guilty plea, the People promptly (1) obtained an indictment in April 2005, (2) declared readiness at the June 2005 arraignment, and (3) responded within one week to defendant's lengthy June 2005 omnibus motion. During that period following the April 2005 plea withdrawal, defendant repeatedly expressed dissatisfaction with his assigned counsel, prompting an October 2005 hearing on counsel's at-that-point unsuccessful effort to be relieved. County Court (Richards, J.), out of necessity, assigned new counsel in December 2005 (due to the expiration of counsel's contract with the Public Defender's office), issued a decision on defendant's omnibus motion and defendant then moved on January 26, 2006 to dismiss the indictment. On the initial trial date (February 7, 2006), the court was again required to assign new counsel due to current counsel's conflict of interest related to a trial witness. Defendant's newly assigned counsel renewed the motion to dismiss and sought various additional relief, on February 15, 2006, which the court denied in a written decision dated February 22, 2006. On February 27, 2006, the rescheduled date for trial, defendant accepted and entered a guilty plea pursuant to a negotiated agreement.

Neither the delay in obtaining an indictment (less than two weeks after defendant withdrew his initial agreement to enter a guilty plea)[1] nor the 10-month interval after the indictment until defendant's guilty plea was unduly lengthy. Indeed, we have upheld similar preindictment and/or postindictment combined intervals of time (see *People v Pitt*, 43 AD3d 1248, 1249 [2007], *lv denied* 9 NY3d 1008 [2007] [17 months]; *People v Morris*, 25 AD3d 915, 917 [2006], *lvs denied* 6 NY3d 851 [2006] [21 months]; *People v Flagg*, 30 AD3d 889, 890-892 [2006], *lv denied* 7 NY3d 848 [2006] [14 months]). The reasons for the delay herein include defendant's repeated requests for new counsel, the court's need to assign substitute counsel twice thereafter for legitimate reasons and defendant's pretrial motion practice. Indeed, the People declared their readiness for trial in May and June 2005—after the April 2005 indictment was handed up—and little of the delay thereafter is attributable to the People who, on all occasions, promptly replied to defendant's motions and continued to present plea offers.

As to the nature of the underlying charges factor, we are not persuaded by defendant's efforts to minimize the burglary or attempted burglary of a business as a petty offense (see *People v Cole*, 112 AD2d 472, 474 [1985]). With regard to defendant's pretrial incarceration, while he was incarcerated upon his October 25, 2004 arrest and unable to make bail, remaining incarcerated until his February 2006 guilty plea, most of that period is attributable to a one-year sentence upon his plea to violating probation that he had been serving for a prior offense (see *People v Weatherspoon*, 86 AD3d 792, 793 [2011]; *People v Hernandez*, 42 AD3d 657, 662 [2007]; *People v Morris*, 25 AD3d at 917). Further, no impairment to the defense was demonstrated. The sole conclusory claim of prejudice—the disappearance of an important witness at an unspecified time—was obviated when the People located and obtained a supporting deposition (shared with defendant) from that witness 25 days before defendant's entry of this guilty plea. Thus, defendant's constitutional speedy trial motion was properly denied as lacking in merit.

Defendant's remaining claim is that the imposition of an enhanced sentence to consecutive, rather than the contemplated concurrent, 2 to 4-year terms of imprisonment for violating the terms and conditions of his postplea release was unwarranted

---

1. While the indictment was handed up about six months after defendant's crimes and arrest, as defendant concedes, most of that preindictment time (4½ months) is attributable to defendant's acceptance and later revocation of the initial agreement to enter a guilty plea.

and should be reduced in the interest of justice.[2] At the plea allocution, it was explained to defendant that he was to be released under probation supervision until sentencing, during which period he would be required to abide by conditions of release including refraining from criminal activity, making scheduled court appearances, meeting with a probation officer, and remaining in either Franklin, Saratoga or St. Lawrence County. County Court (Main, Jr., J.) clearly advised defendant that it could impose consecutive sentences if it were later determined that he violated the terms and conditions of his release, which defendant indicated he understood. Despite these warnings and probation officers reviewing the conditions with defendant, he failed to attend a scheduled probation meeting and traveled to a prohibited county, as the court determined after a presentencing evidentiary hearing on the issue of whether defendant had violated the conditions of his release.

The fact that these violations of the conditions of defendant's release occurred after County Court had issued an order revoking his release and issued a warrant for his arrest—due to allegations that defendant engaged in further criminal activity while on release—is immaterial; defendant continued to be bound by the post-plea release under supervision conditions while he remained free pursuant to that release. That is, the issuance of an order revoking defendant's release and an unexecuted warrant for defendant's arrest did not relieve defendant of the ongoing conditions and obligations attached to that release.

Further, County Court fully considered the mitigating factors including defendant's age, substance abuse and mental health history, and troubled family life. However, given defendant's repeated and escalating criminal activity and inability to abide by reasonable probation conditions, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentences in the interest of justice (*see* CPL 470.15 [6] [b]).

Peters, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

2. Defendant's argument, raised for the first time on appeal, that he was eligible to be sentenced to parole supervision per CPL 410.91 is not preserved and will not be addressed.