Lynch, J.
Appeal from a judgment of the County Court of *1268 Montgomery County (Catena, J.), rendered August 22, 2011, convicting defendant upon his guilty plea of the crime of burglary in the second degree.
In satisfaction of a four-count indictment, defendant entered a guilty plea to burglary in the second degree stemming from his involvement in a home invasion with three other people during which cash and other valuables were stolen from the homeowner’s safe and the homeowner was assaulted. In accordance with the plea agreement, which also included an appeal waiver, defendant was sentenced as a second felony offender to a prison term of 10 years with five years of postrelease supervision and restitution. Defendant now appeals.
Defendant claims that his guilty plea was not knowing, voluntary and intelligent because the People tied the plea offer to their support of his right to be released on bail. However, defendant did not raise this contention before County Court or move to withdraw his guilty plea and, therefore, it is not preserved for our review (see People v Peque, 22 NY3d 168, 182-183 [2013], cert denied 574 US —, 135 S Ct 90 [2014]; People v Lopez, 71 NY2d 662, 665 [1988]). In any event, defendant’s claim concerns an appearance almost two months before his entry of a guilty plea. While we agree that the People improperly interjected the issue of bail into the plea negotiations at that appearance, the court released defendant on bail at that time.* After defendant entered a guilty plea, he was continued on bail pending sentencing. Thus, the record belies his claim that he was forced to enter a guilty plea in order to achieve bail (see People v Todd, 276 AD2d 913, 914 [2000]). That is, neither the court nor the People required that he choose between admitting guilt and remaining free or maintaining his innocence and remaining in jail (see People v Baker, 104 AD3d 783, 783 [2013], lv denied 21 NY3d 1013 [2013], cert denied 571 US —, 134 S Ct 700 [2013]; cf. People v Grant, 61 AD3d 177, 183-184 [2009]). Further, our review of the plea allocution reveals that the guilty plea represented “an informed choice freely made by defendant among other valid alternatives” (People v Brown, 14 NY3d 113, 116 [2010]) and that it was entered knowingly, voluntarily and intelligently (see People v Tyrell, 22 NY3d 359, 365 [2013]).
Although the plea agreement included a waiver of the right to appeal signed in open court, the record reflects that it was not knowing, voluntary and intelligent because County Court did not explain or ascertain that defendant understood the *1269 nature of the right being waived, including that the right was “separate and distinct from those rights automatically forfeited upon a plea of guilty” (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Ritter, 124 AD3d 1133, 1134 [2015]; People v Blackmon, 122 AD3d 1071, 1071 [2014], lv denied 24 NY3d 1218 [2015]). As the appeal waiver is invalid, he is not precluded from challenging the sentence as harsh and excessive. In view of the nature of the crime perpetrated against an elderly victim in his home and defendant’s extensive criminal history, we are not persuaded by his claims that the sentence imposed, which was in the middle range (see Penal Law § 70.06 [6] [b]) and in accord with the agreement, was an abuse of discretion. Although the prosecutor’s remarks at sentencing regarding defendant’s “stupidity” exceeded the scope of “matter [s] relevant to the question of sentence” (CPL 380.50 [1]), defendant did not timely object, thus failing to preserve this issue for appellate review. Moreover, since the sentence was in accord with the plea agreement, we see no reason to take corrective action in the interest of justice (see CPL 470.15 [3] [c]; compare People v Garcia, 69 AD3d 1229, 1230 [2010]).
McCarthy, J.P., Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.

 Upon his release, defendant was immediately sent to jail in another county on an unrelated pending matter.