Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered August 27, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree (two counts).
When defendant’s appeal was previously before this Court, we rejected an Anders brief, withheld decision and assigned new counsel to address at least one issue of arguable merit pertaining to the validity of defendant’s appeal waiver that may, in turn, implicate other potential appellate issues (120 AD3d 1490 [2014]). Defendant now asserts that his waiver of the right to appeal was invalid and seeks to challenge the sentence imposed as harsh and excessive. A review of the record establishes that defendant’s waiver of the right to appeal was not knowing, voluntary and intelligent (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Patterson, 119 AD3d 1157, 1158 [2014], lv denied 24 NY3d 1046 [2014]). County Court’s perfunctory inquiry was insufficient “to ensure that defendant grasped the minimal information pertaining to the appeal waiver” (People v Bradshaw, 18 NY3d at 265) and, although the record contains an executed written appeal waiver, County Court made no inquiry concerning it during the plea colloquy (see People v Elmer, 19 NY3d 501, 510 [2012]; People v DeSimone, 80 NY2d 273, 283 [1992]; People v Phipps, 127 AD3d 1500, 1501 [2015]). Defendant’s challenge to the severity of the sentence is, therefore, not precluded (see People v Ashlaw, 126 AD3d 1236, 1237 [2015]). We, nevertheless, find that the agreed-upon sentence was not harsh or excessive as the record reveals no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Patterson, 119 AD3d at 1158-1159; People v Wilson, 92 AD3d 981, 982 [2012], lv denied 19 NY3d 1029 [2012]).
McCarthy, J.R, Garry, Rose and Lynch, JJ., concur.
Ordered that the judgment is affirmed.