*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    106988
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                    MEMORANDUM AND ORDER

CAMERON BARNHILL,
                         Appellant.
_____


Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

                         _____


        Lisa A. Burgess, Indian Lake, for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

                         _____


Devine, J.

        Appeal from a judgment of the County Court of Warren County
(Hall Jr., J.), rendered January 8, 2014, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
controlled substance in the third degree.

        In satisfaction of a four-count indictment, defendant
pleaded guilty to criminal possession of a controlled substance
in the third degree and purportedly waived his right to appeal.
Consistent with the plea agreement, County Court sentenced
defendant, a second felony offender, to 4½ years in prison to be
followed by three years of postrelease supervision.  Defendant
appeals, and we affirm.

Initially, we find that defendant's waiver of appeal was not valid. During the plea allocution, County Court failed to adequately explain the nature of the right to appeal or the consequences of waiving that right, and a written waiver executed by defendant is not included in the record before us (see People v Bradshaw, 18 NY3d 257, 265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; cf. People v Ramos, 7 NY3d 737, 738 [2006]). As defendant's understanding of the waiver is not "evident on the face of the record," it is not valid (People v Lopez, 6 NY3d at 256).

Defendant's argument that the agreed-upon sentence is harsh or excessive is properly before us as a result (see id. at 255-256); nevertheless, we reject it. The record reflects that defendant's guilty plea was accepted only after two psychiatrists conducted CPL article 730 examinations, concluding that he was not incapacitated. In agreeing to a sentence that greatly reduced defendant's potential sentencing exposure under the indictment, County Court took into consideration his mental health and substance abuse problems (see People v Eggsware, 90 AD3d 1231, 1234 [2011], lv denied 18 NY3d 923 [2012]). Given defendant's serious criminal history, we do not find that the sentence imposed constituted an abuse of discretion or that extraordinary circumstances are present so as to warrant a reduction in the sentence (see CPL 470.15 [6] [b]; People v Crump, 107 AD3d 1046, 1047 [2013], lv denied 21 NY3d 1014 [2013]).

Peters, P.J., Garry and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court