**■** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WOODS, Appellant. [55 NYS3d 780]—

Rose, J. Appeal from a judgment of the Supreme Court (McDonough, J.), rendered May 14, 2015 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree and he waived his right to appeal, both orally and in writing. Under the terms of the plea agreement, he was to be sentenced as a second felony offender to 4½ years in prison, to be followed by three years of postrelease supervision. During the plea proceedings, Supreme Court administered a *Parker* admonishment advising defendant that the plea agree-

ment included the condition that he not be arrested prior to sentencing and that, if he were, it would not be bound to impose the agreed-upon sentence. Prior to sentencing, Supreme Court became aware that defendant had been arrested and jailed for criminal sale of a controlled substance in connection with an incident that occurred before he entered his guilty plea and that, thereafter, he was also indicted on another charge of criminal sale of controlled substance for an incident that occurred after he entered his guilty plea. As a result of the charge based on the drug sale occurring after defendant entered his guilty plea, the court informed him that it was not obligated to abide by the sentencing promise and imposed an enhanced sentence of seven years in prison, followed by three years of postrelease supervision. Defendant now appeals.

Turning first to defendant's challenge to the enhancement of the sentence, we note that "[a] court may enhance an agreed-upon sentence after it is established that the defendant violated a condition of the plea agreement" (*People v McDermott*, 68 AD3d 1453, 1453 [2009]; *see People v Davis*, 30 AD3d 893, 894 [2006], *lv denied* 7 NY3d 847 [2006]). Here, Supreme Court enhanced the sentence based on the charge of criminal sale of a controlled substance that was filed against defendant after he entered his guilty plea. Defendant contends that, inasmuch as this charge did not result in his physical arrest, the conditions of the plea agreement were not violated and Supreme Court should have afforded him the opportunity to withdraw his plea before imposing an enhanced sentence. We find this argument to be unpersuasive. As is evident from the record, the no-arrest condition was imposed by the court to discourage defendant from committing additional crimes subsequent to the entry of his guilty plea while he was out on bail pending sentencing. Defendant, however, was arrested during this time for a crime that he committed prior to entering his guilty plea and he was incarcerated as a result. Defendant's incarceration obviated the need to physically detain him on the charge of criminal sale of a controlled substance that arose from his post-plea criminal conduct. This criminal conduct, which resulted in an indictment, was implicitly proscribed by the conditions of the plea agreement and provided a legitimate basis for enhancement of the sentence. Accordingly, Supreme Court did not err in imposing an enhanced sentence under the circumstances presented (*see People v Therrien*, 301 AD2d 751, 752 [2003], *lv denied* 99 NY2d 633 [2003]; *see also People v Davis*, 30 AD3d at 895).

Defendant also challenges the severity of the enhanced

sentence. Initially, we note that he is not precluded by his waiver of the right to appeal from raising this claim inasmuch as we find that the waiver is invalid due to the absence of any indication in the record that defendant was advised of and understood the nature of the rights that he was waiving or was informed that the right to appeal was separate and distinct from the rights forfeited by a guilty plea (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Henry*, 133 AD3d 1085, 1085-1086 [2015]; *People v Anderson*, 129 AD3d 1385, 1385 [2015], *lv denied* 26 NY3d 965 [2015]). Turning to the merits, we are not persuaded that the enhanced sentence was either harsh or excessive given defendant's criminal history, which includes a prior violent felony, and his continued participation in drug-related activity after entering his guilty plea. Accordingly, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the enhanced sentence in the interest of justice (*see People v Anderson*, 129 AD3d at 1385; *see also People v White*, 24 AD3d 817, 817 [2005]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.