(June 22, 2017)

◼ The People of the State of New York, Respondent, v Christopher F. Rock, Appellant. [58 NYS3d 629]—

Lynch, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered February 19, 2014, convicting defendant upon his pleas of guilty of the crimes of burglary in the second degree (five counts) and attempted criminal sale of a controlled substance in the third degree.

In satisfaction of a 16-count indictment, defendant pleaded guilty to five counts of burglary in the second degree and

waived his right to appeal. In satisfaction of a subsequent indictment, defendant pleaded guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. County Court sentenced defendant, as a second felony offender, in accordance with the terms of the plea agreements to concurrent prison terms of 10 years followed by five years of postrelease supervision on each of the burglary convictions and a prison term of five years followed by two years of postrelease supervision on the attempted criminal sale of a controlled substance conviction, to run concurrently with the burglary sentences. Defendant appeals.

Initially, we agree with defendant that the waivers of the right to appeal are invalid. Although defendant executed waivers of the right to appeal, a review of the plea colloquies reflect that County Court did not explain that the waivers of the right to appeal were separate and distinct from the rights automatically forfeited by the guilty pleas nor did the court elicit from defendant that he understood, read or was advised of the nature of appeal waivers (*see People v Ero*, 139 AD3d 1248, 1249 [2016], *lv denied* 28 NY3d 929 [2016]; *People v Anderson*, 129 AD3d 1385, 1385 [2015], *lv denied* 26 NY3d 965 [2015]). As such, defendant's appeal waivers do not preclude his contentions raised on appeal.

Turning to defendant's contentions, he asserts that his initial defense counsel was ineffective because counsel failed to inform him that two prior, more favorable, plea offers relative to the first indictment would expire if not timely accepted. Defendant maintains that he would have accepted either of the prior offers had he been informed of the time limitations. The flaw in this argument is that defendant's new counsel raised this same point during the initial plea colloquy and yet defendant still chose to enter a guilty plea. Moreover, defendant failed to make any postallocution motion to preserve his objection despite a reasonable opportunity to do so (*see* CPL 220.60 [3]; *People v Williams*, 27 NY3d 212, 214, 219-220 [2016]; *People v Perkins*, 140 AD3d 1401, 1403 [2016], *lv denied* 28 NY3d 1126 [2016]; *People v Santiago*, 118 AD3d 1032, 1032-1033 [2014]; *People v Brown*, 68 AD3d 1150, 1151 [2009]). To the extent that defendant challenges the sentences as harsh and excessive, we disagree as the record reflects that County Court thoroughly reviewed and considered the information in the presentence investigation report, including defendant's criminal history and drug addiction, in imposing the agreed-upon sentence, and we find no basis to disturb the sentence in the interest of justice (*see People v Zabawczuk*, 128 AD3d 1267, 1269 [2015], *lv denied*

26 NY3d 937 [2015]; *People v Ganoe*, 122 AD3d 1003, 1004 [2014], *lv denied* 25 NY3d 1163 [2015]).

Garry, J.P., Egan Jr., Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed.