(September 28, 2017)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH LOIKA, Appellant. [61 NYS3d 711]—

Lynch, J. Appeals (1) from a judgment of the County Court of Schenectady County (Drago, J.), rendered April 3, 2013, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court (Sypniewski, J.), entered January 5, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

After a confidential informant made controlled purchases of drugs from defendant at his residence in Schenectady County, police officers executed a search warrant and recovered marihuana, hydrocodone pills and a loaded handgun. As a result, defendant was charged in multiple felony complaints with numerous crimes, but he waived indictment and pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of the charges. He also waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, County Court (Drago, J.) sentenced defendant as a second violent felony offender to seven years in prison, to be followed by five years of postrelease supervision. He subsequently moved pursuant to CPL 440.10 (1) (b) to vacate the judgment of conviction, and County Court (Sypniewski, J.) denied his motion. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.

Initially, defendant contends that his guilty plea was not knowing, voluntary or intelligent and should be vacated pursu-

ant to CPL 440.10 (1) (b) because it was induced by fraud.* He premises his claim upon the fact that the confidential informant who supplied the information providing the basis for the search warrant application was convicted of certain crimes arising from fraudulent misrepresentations that he made in connection with another undercover drug transaction. The record, however, reveals that defendant made a previous CPL 440.10 motion in this action on this same ground and that the motion was denied. In view of this, we find that County Court (Sypniewski, J.) properly denied the present motion under CPL 440.10 (3) (b) (*see People v Huggins*, 130 AD3d 1069 [2015], *lv denied* 26 NY3d 1089 [2015]). Even if we were to consider the motion under CPL 440.10 (1) (b), we would find that this provision is inapplicable given that the confidential informant's criminal conduct occurred several months after defendant entered his guilty plea and involved a completely unrelated criminal matter (*compare People v Seeber*, 94 AD3d 1335, 1338 [2012]). As there is no indication that the confidential informant's criminal conduct amounted to fraud that tainted this action, a hearing on defendant's CPL 440.10 motion was not warranted (*see generally People v Phillips*, 71 AD3d 1181, 1182-1183 [2010], *lv denied* 15 NY3d 755 [2010]; *People v Thomas*, 53 AD3d 864, 865-866 [2008], *lv denied* 11 NY3d 858 [2008]).

Defendant further contends that the sentence is harsh and excessive. Although such a claim is precluded by a valid waiver of the right to appeal, we find that defendant's waiver was invalid inasmuch as he was not advised of the separate and distinct nature of the waiver and did not communicate to County Court (Drago, J.) that he fully understood its consequences (*see People v Aubain*, 152 AD3d 868, 869 [2017]; *People v Rock*, 151 AD3d 1383, 1384 [2017]). Nevertheless, we conclude that defendant's challenge to the severity of the sentence has no merit. Defendant has a violent criminal history that includes prior orders of protection, and he avoided being charged with and potentially convicted of numerous other crimes in exchange for pleading guilty to the crime at issue. In view of this, and considering that he received the statutory minimum term of imprisonment (*see* Penal Law §§ 70.04 [3] [b]; 265.03 [3]), we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Cherry*, 149 AD3d 1346, 1348 [2017], *lv denied* 29 NY3d 1124 [Aug. 16, 2017]; *People v*

---

* We note that such claim survives a valid waiver of the right to appeal (*see People v Pixley*, 150 AD3d 1555, 1556 [2017]; *People v Dubois*, 150 AD3d 1562, 1563 [2017]), and we address the validity of defendant's waiver infra.

*Graham*, 138 AD3d 1242, 1244 [2016], *lv denied* 28 NY3d 930 [2016]).

Garry, J.P., Egan Jr., Aarons and Pritzker, JJ., concur. Ordered that the judgment and order are affirmed.