■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FARRELL, Appellant. [65 NYS3d 465]—

Appeal from an amended judgment of the County Court of Franklin County (Main Jr., J.), rendered June 6, 2016, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

While incarcerated in a state correctional facility, defendant was charged in an indictment with promoting prison contraband in the first degree, a class D felony. He pleaded guilty to this charge, orally waived his right to appeal and admitted to a prior felony conviction. As part of the plea agreement, County Court promised to impose an indeterminate sentence that was no greater than 22 to 44 months in prison. In accordance therewith, County Court sentenced defendant as a second felony offender to 22 to 44 months in prison, to run consecutively to the sentence that he was then serving. Subsequently, however, it was revealed that the sentence was illegal because it had a maximum indeterminate term of 44 months, which was less than the maximum that must be imposed on a second felony offender convicted of a class D felony—at least four years but not greater than seven years (*see* Penal Law § 70.06 [3] [d]). Consequently, with defendant's consent, County Court adjusted the plea, by substituting the charge of attempted promoting prison contraband in the first degree, a class E felony, and imposed the original sentence. Defendant appeals.

Defendant's sole contention is that the sentence is harsh and excessive. Preliminarily, we note that defendant is not precluded from raising this claim by his waiver of the right to appeal as we find that it is invalid due to County Court's failure to advise defendant of the separate and distinct nature of the waiver or ascertain that he fully understood its ramifications (*see People v Rock*, 151 AD3d 1383, 1384 [2017], *lv denied*

30 NY3d 953 [2017]; *People v Woods*, 150 AD3d 1560, 1562 [2017], *lv denied* 29 NY3d 1095 [2017]). However, we find defendant's argument to be unpersuasive. Defendant has a significant criminal record and could have potentially been sentenced as a persistent felony offender if convicted after trial. Moreover, he consented to the 22- to 44-month sentence as part of the plea agreement. In view of the foregoing, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Williams*, 101 AD3d 1174, 1174-1175 [2012]; *People v Headley*, 21 AD3d 1183, 1184 [2005]).

Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ., concur. Ordered that the amended judgment is affirmed.