People v Thompson (2018 NY Slip Op 00365)





People v Thompson


2018 NY Slip Op 00365


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

108254

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DALE R. THOMPSON, Appellant.

Calendar Date: December 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Susan Patnode, Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Otsego County (Lambert, J.), rendered December 21, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to burglary in the second degree and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 10 years in prison and five years of postrelease supervision. He now appeals.
Defendant contends that his appeal waiver is invalid and does not preclude his challenge to the severity of the sentence. Upon reviewing the record, we agree that the waiver is defective insofar as County Court did not advise defendant of the separate and distinct nature of the waiver or confirm that he fully understood its ramifications (see People v Loika, 153 AD3d 1516, 1517 [2017]; People v Ortiz, 153 AD3d 1049, 1049 [2017]). Defendant executed a written waiver at sentencing — not prior to entering a plea — and County Court made no inquiry as to whether defendant read or understood the written waiver (see People v Aubain, 152 AD3d 868, 869 [2017). We are not persuaded, however, that the sentence is either harsh or excessive. Defendant has an extensive criminal record, and the underlying charges reveal that he forcibly entered the homes of multiple victims and removed valuables. In view of this, and given that [*2]defendant agreed to the sentence as part of the plea agreement, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Rock, 151 AD3d 1383, 1384-1385 [2017], lv denied 30 NY3d 953 [2017]; People v Zabawczuk, 128 AD3d 1267, 1269 [2015], lv denied 26 NY3d 937 [2015]).
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.