People v Schrom (2018 NY Slip Op 01507)





People v Schrom


2018 NY Slip Op 01507


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

107935

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL SCHROM, Appellant.

Calendar Date: January 12, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Pritzker, JJ.


Adam G. Parisi, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.


McCarthy, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered March 11, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the third degree.
Defendant pleaded guilty to criminal possession of stolen property in the third degree and waived his right to appeal. He was sentenced as a second felony offender to a prison term of 3½ to 7 years and ordered to pay restitution in the amount of $1,675 plus a surcharge. Defendant appeals.
Initially, the People concede, and our review of the record confirms, that the waiver of the right to appeal was invalid inasmuch as County Court did not explain the separate and
distinct nature of the waiver or ascertain that defendant fully understood its consequences (see People v Loika, 153 AD3d 1516, 1517 [2017]; People v Woods, 150 AD3d 1560, 1562 [2017], lv denied 29 NY3d 1095 [2017]). As such, defendant's challenge to the amount of restitution imposed is not precluded by the appeal waiver. Nevertheless, the issue is unpreserved for our review because defendant, who was well aware of the amount of restitution to be ordered given that it was part of the plea agreement, failed to request a restitution hearing or otherwise contest the amount at sentencing (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Johnson, 151 AD3d 1462, 1466 [2017], lv denied ___ NY3d ___ [Jan. 26, 2018]; People v Musella, 148 AD3d 1465, 1467 [2017], lv denied 29 NY3d 1093 [2017]).
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.