People v Hart (2018 NY Slip Op 02509)





People v Hart


2018 NY Slip Op 02509


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

108570

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL HART II, Appellant.

Calendar Date: March 2, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and

 Pritzker, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered May 3, 2016, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
Defendant pleaded guilty to a single-count indictment charging him with grand larceny in the fourth degree stemming from his participation in the theft of electronics equipment from a department store. He orally waived his right to appeal as part of the plea agreement. He was thereafter sentenced, in accordance with the terms of the plea agreement, to 1 to 3 years in prison. Defendant now appeals, challenging the severity of the sentence.
Initially, defendant is not precluded by his waiver of the right to appeal from raising this claim inasmuch as we find the appeal waiver to be invalid. Significantly, County Court did not advise defendant of the separate and distinct nature of the waiver or question him to ascertain that he understood its ramifications (see People v Thompson, 157 AD3d 1141, 1141 [2018]; People v Farrell, 156 AD3d 1062, 1062-1063 [2017], lv denied 30 NY3d 1115 [2018]). Notwithstanding the invalidity of the appeal waiver, we do not find that the sentence is either harsh or excessive. Defendant's criminal history discloses a number of prior convictions and probation violations. In addition, defendant consented to the sentence as part of the plea agreement and could have received a longer prison term if convicted after trial. In view of the foregoing, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Ero, 139 AD3d 1248, 1250 [*2][2016], lv denied 28 NY3d 929 [2016]; People v Lowe, 53 AD3d 982, 983 [2008]).
McCarthy, J.P., Egan Jr., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.