People v Braye (2018 NY Slip Op 03779)





People v Braye


2018 NY Slip Op 03779


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

108828

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEVIN BRAYE, Appellant.

Calendar Date: April 3, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Dana L. Salazar, East Greenbush, for appellant.
Robert M. Carney, District Attorney, Schenectady (Jennifer Uhl, Law Intern), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered August 24, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant pleaded guilty to criminal possession of a controlled substance in the third degree, in full satisfaction of a six-count indictment, and purportedly waived the right to appeal. Pursuant to the plea agreement, defendant was permitted to participate in a drug court program with the understanding that, if he successfully completed the program, he would be sentenced to a period of probation not to exceed five years. Defendant was further advised that, if he did not successfully complete the program, he would be sentenced, as a second felony offender, to a maximum of seven years in prison, to be followed by 1½ years of postrelease supervision.
Prior to completing the drug court program, defendant was arrested and charged with four drug-related felonies and he agreed to opt out of the drug court program. County Court thereafter sentenced him, as a second felony offender, to six years in prison, to be followed by 1½ years of postrelease supervision, with the sentence to run concurrently with the sentence imposed upon the charges that resulted in his opting out of the drug court program. Defendant now appeals.
We agree with defendant that the brief inquiry by County Court (Drago, J.) regarding his understanding of the waiver of the right to appeal was insufficient to establish that defendant appreciated the consequences of the waiver (see People v Davis, 136 AD3d 1220, 1221 [2016], lv denied 27 NY3d 1068 [2016]; People v Ashlaw, 126 AD3d 1236, 1237 [2015]). While defendant also executed a written waiver, County Court did not address the written waiver during [*2]the allocution. Accordingly, the appeal waiver was invalid and defendant is not precluded from challenging the severity of his sentence (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]).
We are not persuaded, however, that the sentence, which was within the agreed-upon range, is harsh or excessive. Given defendant's criminal history and continued criminal activity after his plea, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Thompson, 157 AD3d 1141, 1142 [2018]; People v Farrell, 156 AD3d 1062, 1063 [2017], lv denied 30 NY3d 1115 [2018]).
Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.