People v Waterman (2018 NY Slip Op 06294)





People v Waterman


2018 NY Slip Op 06294


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

108810

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANTHONY WATERMAN, Appellant.

Calendar Date: August 6, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Clark and Rumsey, JJ.


Carolyn B. George, Albany, for appellant.
Joel E. Abelove, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered January 29, 2015, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a firearm.
In satisfaction of a seven-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and criminal possession of a firearm pursuant to a plea agreement that included an oral and written waiver of appeal. Under the terms of the plea agreement, defendant was to be sentenced as a second felony offender to a prison term of six years followed by three years of postrelease supervision upon his conviction of criminal possession of a controlled substance in the third degree and to a prison term of 2&frac13; to 7 years upon his conviction of criminal possession of a firearm, which sentences were to run concurrently. Prior to sentencing, however, it was discovered that the sentence to be imposed on the firearm conviction was illegal and that the maximum legal sentence that could be imposed was a prison term of 2 to 4 years (see Penal Law § 70.06 [3] [e]; [4] [b]). County Court expressed its intention to impose this sentence and gave defendant an opportunity to withdraw his guilty plea, which he declined. County Court proceeded to sentence defendant as originally agreed on the controlled substance conviction and to a prison term of 2 to 4 years on the firearm conviction, to run concurrently. Defendant now appeals.
Initially, defendant contends that his guilty plea was not knowing, voluntary and intelligent because the sentence to be imposed on the firearm conviction, which was part of the original plea agreement, was illegal. This claim is unpreserved for our review as the record does not disclose that defendant made an appropriate postallocution motion to withdraw his guilty plea on this basis (see People v Jones, 155 AD3d 1103, 1106 [2017], lv denied 30 NY3d 1106 [2018]; People v White, 153 AD3d 1041, 1041-1042 [2017]). In any event, it bears noting that prior to sentencing, County Court provided defendant with an opportunity to withdraw his guilty plea for this very reason. Defendant, however, declined to do so and indicated that he wished to accept the prison sentence of 2 to 4 years on the firearm conviction, which was less than the [*2]sentence proposed in the original plea agreement. Therefore, we find no basis for disturbing defendant's guilty plea.
Defendant also challenges the severity of the sentence and the validity of his waiver of the right to appeal. Preliminarily, we note that defendant's appeal waiver is invalid given County Court's failure to ascertain that defendant fully understood the consequences of his oral and written waiver and, therefore, he is not precluded from challenging the severity of the sentence (see People v Rock, 151 AD3d 1383, 1384 [2017], lv denied 30 NY3d 953 [2017]; People v Anderson, 129 AD3d 1385, 1385 [2015], lvs denied 26 NY3d 965 [2015]). Nevertheless, we are not persuaded that the sentence is either harsh or excessive. In view of defendant's lengthy criminal record and his commission of multiple drug-related offenses, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Georges, 151 AD3d 1402, 1403 [2017]; People v Barnhill, 135 AD3d 1247, 1248 [2016]).
Garry, P.J., McCarthy, Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.