People v Rivera (2018 NY Slip Op 06297)





People v Rivera


2018 NY Slip Op 06297


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

108911

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
DOUGLAS RIVERA, Appellant.

Calendar Date: August 6, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Pritzker, JJ.


Carolyn B. George, Albany, for appellant, and appellant pro se.
Kelli P. McCoski, District Attorney, Fonda (Pamela A. Ladd of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered August 24, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In full satisfaction of a five-count indictment and additional potential charges, defendant agreed to plead guilty to one count of burglary in the second degree in exchange for a prison term of 14 years followed by five years of postrelease supervision. The plea agreement also included a waiver of the right to appeal. Defendant subsequently pleaded guilty to burglary in the second degree, and County Court — after rejecting defense counsel's plea for leniency — imposed the contemplated prison term. This appeal ensued.
County Court did not explain "that the right to appeal is separate and distinct from the rights automatically forfeited by pleading guilty" (People v White, 163 AD3d 1358, 1358 [2018]), a copy of the written waiver executed by defendant is not included in the record before this Court (see People v Barnhill, 135 AD3d 1247, 1248 [2016]) and County Court failed to ascertain whether "defendant had read the waiver, was aware of its contents or had discussed it with counsel" (People v Larock, 139 AD3d 1241, 1242 [2016], lv denied 28 NY3d 932 [2016]). As County Court's brief inquiries of defendant "fell short of ensuring that defendant appreciated the [appellate] right that he was relinquishing and understood the consequences thereof" (People v Mallard, 163 AD3d 1350, 1351 [2018]), we agree with defendant that his waiver of the right to appeal was invalid (see id.). Although the invalid waiver does not preclude defendant's claim that the sentence imposed is harsh and excessive (see People v Levielle, 161 AD3d 1391, 1392 [2018]), upon consideration of the entire record, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see e.g. People v Suddard, 164 AD3d 950, ___, 77 NYS3d 910, 911 [2018]).
We further reject defendant's remaining contentions, raised in his pro se brief. Defendant's challenges to the voluntariness and factual sufficiency of his plea are unpreserved for [*2]our review absent record evidence of an appropriate postallocution motion (see People v Burks, 163 AD3d 1286, 1287 [2018]; People v Leflore, 154 AD3d 1164, 1165 [2017], lv denied 30 NY3d 1106 [2018]); his ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is similarly unpreserved (see People v Haverly, 161 AD3d 1483, 1484 [2018], lv denied ___ NY3d ___ [Aug. 15, 2018]; People v Duggins, 161 AD3d 1445, 1446 [2018], lv denied ___ NY3d ___ [Aug. 9, 2018]). Further, given that defendant did not make any statements during the plea colloquy that negated an element of the subject crime, cast doubt upon his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement does not apply (see People v Kruppenbacher, 163 AD3d 1266, 1267 [2018]; People v Lamb, 162 AD3d 1395, 1396 [2018]). Additionally, defendant's jurisdictional arguments are unavailing, as any challenge to the sufficiency of the indictment is precluded by defendant's guilty plea (see e.g. People v Brice, 146 AD3d 1152, 1153-1154 [2017], lv denied 29 NY3d 996 [2017]), and any argument addressed to the factual sufficiency of his allocution is unpreserved (cf. People v Quinones, 51 AD3d 1226, 1227 [2008], lv denied 10 NY3d 938 [2008]). The balance of defendant's pro se claims, including his assertion that he was denied due process, have been examined and found to lack merit.
Garry, P.J., McCarthy, Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.