People v Cook (2019 NY Slip Op 02929)





People v Cook


2019 NY Slip Op 02929


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

109797

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRANDON COOK, Appellant.

Calendar Date: March 15, 2019

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sira, J.), rendered December 21, 2016, convicting defendant upon his plea of guilty of the crime of attempted incest in the first degree.
In October 2016, to "resolve any potential charges related to . . . matters involving the victim," defendant pleaded guilty to attempted incest in the first degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant to four years in prison, followed by 13 years of postrelease supervision. Defendant appeals, and we affirm.
We agree with defendant that his waiver of the right to appeal was invalid. County Court did not explain the separate and distinct nature of the waiver or make any effort to determine whether defendant understood the implications of giving up his right to appeal (see People v McClain, 161 AD3d 1457, 1457-1458 [2018]; People v Woods, 150 AD3d 1560, 1562 [2017], lv denied 29 NY3d 1095 [2017]). Instead, County Court merely asked whether defendant understood that the People were requiring him to give up his right to appeal. Additionally, although defendant signed a written waiver of appeal, "County Court did not verify that defendant had read and understood the written appeal waiver or discussed it with counsel" (People v Brewster, 161 AD3d 1309, 1310 [2018]; see People v Pittman, 166 AD3d 1243, 1244 [2018], lv denied 32 NY3d 1176 [2019]). Given the invalidity of the appeal waiver, defendant's challenge to the severity of the sentence imposed upon him is properly before us for review (see People v Nealon, 166 AD3d 1225, 1225-1226 [2018]; People v Lane, 159 AD3d 1195, 1195 [2018]). Nonetheless, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Morrow, 163 AD3d 1265, 1266 [2018]; People v Gonzalez, 162 AD3d 1403, 1404 [2018]).
Egan Jr., J.P., Lynch, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.