People v Gilmore (2019 NY Slip Op 07954)





People v Gilmore


2019 NY Slip Op 07954


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

109297

[*1]The People of the State of New York, Respondent,
v
Furman J. Gilmore, Also Known as Junior Gilmore, Appellant.

Calendar Date: October 10, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Devine, JJ.


David E. Woodin, Catskill, for appellant, and appellant pro se.
Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Greene County (Tailleur, J.), rendered November 22, 2016, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree.
Defendant initially was charged in two separate indictments with various drug-related crimes. Following the People's successful motion to consolidate, defendant was charged in a nine-count amended indictment with the crimes of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree. Defendant agreed to plead guilty to the entire indictment with the understanding that he would be sentenced as a second felony drug offender to concurrent prison terms of seven years (followed by three years of postrelease supervision) upon his felony drug convictions and to a lesser period of incarceration upon his misdemeanor drug conviction. Thereafter, defendant pleaded guilty to the amended indictment as contemplated, and County Court imposed the agreed-upon sentence. This appeal ensued.
Defendant's primary claim — that the sentence imposed was harsh and excessive and failed to adequately take into account his longstanding drug addiction — is unpersuasive. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Sindoni, 175 AD3d 750, 750-751 [2019] [internal quotation marks and citations omitted]). The concurrent and agreed-upon terms of imprisonment imposed upon defendant's class B and class C felony convictions were within the permissible sentencing range for a second felony drug offender (see Penal Law § 70.70 [3] [b] [i], [ii]), and — contrary to defendant's assertion — the record reflects that County Court considered the relevant sentencing factors, including defendant's addiction and lengthy criminal history (see People v Rock, 151 AD3d 1383, 1384 [2017], lv denied 30 NY3d 953 [2017]; People v Gethers, 151 AD3d 1398, 1402 [2017], lv denied 30 NY3d 980 [2017]; People v Gillespie, 125 AD3d 1017, 1018 [2015]). Under these circumstances, we discern no basis upon which to disturb the sentence imposed.
Defendant's pro se claim that the People failed to disclose certain alleged Brady material — specifically, the video and audio tapes of the underlying drug transactions — is belied by the record. In response to defendant's demand to produce, the People indicated that "[p]hotographs, video tapes and/or recordings [were] available for discovery and inspection," as were "[v]ideo tapes of the drugs sales," and provided the relevant contact information to facilitate viewing thereof. To that end, the People assert, and a letter from assigned appellate counsel confirms, that the video recordings to which defendant refers were reviewed by plea counsel. As the People disclosed and made available the very evidence that defendant now claims was impermissibly withheld, defendant's Brady argument must fail, and his related challenge to the voluntariness of his plea is unpreserved for our review (see People v Taylor, 144 AD3d 1317. 1319 [2016], lvs denied 28 NY3d 1144, 1151 [2017]). Defendant's remaining arguments have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark and Devine, JJ., concur.
ORDERED that the judgment is affirmed.